## CROOM v. LITTLE.

### No. 2106.

Court of Civil Appeals of Texas. Beaumont. Sept. 17, 1931.

Hill & Harvey, of Houston, for appellant.
Edward H. Bailey, of Houston, for appellee.

WALKER, J.

This was an action for partition of certain real estate located in the city of Houston, Harris county, Tex., filed by appellee against appellant. A jury was duly impaneled to try the case, but upon conclusion of the evidence the court discharged the jury and entered judgment that the property in controversy was owned share and share alike by appellant, Cecelia Wyatt Croom, and appellee, R. N. Little, and entered judgment accordingly, partitioning the land between them. From that judgment the appeal was prosecuted to the Galveston Court of Civil Appeals, and later transferred to our docket by orders of the Supreme Court.

Citing article 2092, § 28, reading: "All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion is filed and shall be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date." Appellee moves to dismiss the appeal upon the following facts: The judgment was rendered in the trial court on the 24th of March, 1930. The appellant filed her motion for new trial on the 29th of March, 1930. The order overruling the motion for new trial was entered the 28th of June, 1930. The motion to dismiss is overruled. Under the statute cited by appellant, the law is not absolute that motions for new trial shall be determined within forty-five days, "after the original or amended motion is filed," but may be postponed to a later date "by written agreement of the parties filed in the case." Now, as the court did not dismiss the motion for new trial, but proceeded to adjudicate the same upon its merits, we must presume, in support of the judgment of the lower court, that jurisdictional facts existed supporting the judgment. If the jurisdictional facts did not exist, appellee should have made his record thereon either by motion to dismiss the motion for new trial or by a proper bill of exceptions.

The court erred in concluding that appellee had established title in himself to a one-half interest in the land in controversy. He claimed under a deed to him from Versie Wyatt Mitchell, purporting to convey her right, title, and interest in and to the land claimed by appellee in his petition. He then offered in evidence a certified copy of the last will and testament of P. B. Wyatt, who by this will devised this property, share and share alike, to his two daughters, Cecelia Wyatt Croom, appellant, and Versie Wyatt White, identified in the record as Versie Wyatt Mitchell. (The will gave Mamie Hoskins the right to occupy the property as long as she remained unmarried. She was made a party to the suit, and a default judgment was entered against her adjudicating her rights, against which no appeal was prosecuted.) The copy of the will, authenticated by the following certificate, was offered by appellee and received by the court in evidence without objection by appellant.

"I, Albert Townsend, Clerk of the County Court of Harris County, Texas, do hereby certify that the above and foregoing is a true and correct copy of Will in the matter of the estate of P. B. Wyatt, deceased, as the same appears of record in the Minutes of said Court in Volume 64, page 521, and from the original will on file in my office, bearing file No. 12330.

"Given under my hand and seal of said court at office in Houston, Texas, this the 11th day of May, A. D., 1925. Albert Townsend, Clerk County Court, Harris County, Texas. [Seal] by J. D. Smallwood, Deputy."

No judgment probating this will was offered in evidence by either party. We are of the opinion that without the support of the judgment regularly probating the will, it was insufficient to invest Versie Wyatt White with title to any interest in the land. The rule is that a will is not admissible in evidence unless it has been probated as such. Ochoa v. Miller, 59 Tex. 461; Moursund v. Priess, 84 Tex. 554, 19 S. W. 775. Appellee concedes the soundness of this proposition, but seeks to avoid its effect upon the following grounds: First, he says the fact that the will was copied into the minutes of the probate court, as shown by the certificate attached to the certified copy thereof, necessarily imports that it had been duly probated. This contention is overruled. That the will was copied into the minutes of the probate court does not necessarily raise the issue that the judgment probating it was also entered in the minutes, or even that the trial court entered the judgment ordering it to probate. Second, because the will was not objected to by appellant when offered, appellee insists that appellant cannot now say that it did not vest title in Versie Wyatt White. A sufficient answer to this contention is to say that the will, as offered and received by the trial court, was admissible in evidence, but, without the support of the judgment of the probate court, was wholly without effect upon the issue of title. As said by Judge Fly in Skov v. Coffin (Tex. Civ. App.) 137 S. W. 450, 452: "The burden was upon appellee, as the plaintiff in the case, to establish his title, and it was not incumbent upon appellants to make objections that would

cause appellee to supply the missing link." There was no proof in the record vesting Versie Wyatt White with a one-half interest in the property merely as an heir at law of her deceased father.

■ The court did not err in refusing to award judgment against appellee for one-half the taxes. The proof was, without dispute, that appellant had had possession and occupancy of all of the property, to the forcible exclusion of appellee, for more than two years, and that he had been forced to file suit against her to secure an accounting for the rents.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.