### BASILA v. BASILA.
### No. 9371.

Court of Civil Appeals of Texas. San Antonio.
May 16, 1934.

Rehearing Denied June 13, 1934.

Nami & Vaughan, of San Antonio, for appellant.

Terrell, Davis, Hall & Clemens and Theo F. Weiss, all of San Antonio, for appellee.

FLY, Chief Justice.

Appellee instituted an action of forcible detainer of lot 4, block 8, N. C. B. 1730, within the corporate limits of the city of San Antonio, Bexar county, Tex., in the justice court of Bexar county, where he obtained a judgment declaring appellant guilty of the charges in appellee's complaint. This was appealed to the county court where, on a trial before a jury, judgment on the verdict to the same effect was rendered as well as judgment for rent in the sum of $178.50, and attorney's fees in the sum of $175.

Appellant and appellee are Syrian brothers and from the charges and countercharges made by one against the other it appears that the ties of brotherly love have been stretched to such a tension as to reach almost, if not quite, the breaking point.

Appellant gave quite an extended account of the relation between the brothers, claiming that the property which he was occupying had been bought with his money by appellee and that he (appellant) had been placed in possession of same by appellee. On the other hand, appellee, whose statement seems to have been credited by the jury, said that appellant was in an impecunious condition and that appellee had been supporting him and his family and had placed appellant in possession of the property in order that he and his family might have a shelter; that having lost the house in which appellee was living, appellee, was compelled to demand the property in which appellant and his family were domiciled. Appellant refused possession of the property to appellee and the action of forcible detainer resulted.

The complaint set up facts sufficient to sustain a plea of forcible detainer and those facts were found to be true by the jury and that appellant was guilty of forcible detainer.

■ It is claimed by appellant that where a question of title to property arises, the justice's and county court have no jurisdiction of the case although it be styled as forcible detainer. In other words, if a citizen owns property and places a tenant on it, he cannot be evicted under the statute of forcible detainer (Rev. St. 1925, art. 3973 et seq.) if he claims he is the owner of the property, which would render the statute a farce and a delusion because he would always claim title to the property. This was a clear case of forcible detainer as found by the jury and appellant's propositions on that subject are overruled.

614

■ Appellant employed a firm consisting of two attorneys. At the time of the trial one was absent, but the other was present, and the county court did not err in refusing a continuance to obtain the presence of the absent attorney. No apparent injury appears to have been done to appellant by the absence of one of the attorneys.

The facts show that appellant had no defense to the action, but that it was merely an attempt on his part to hold over property belonging to his brother, who had kindly permitted him to enter thereon.

No error is apparent in the record and the judgment will be affirmed.