**GILLAM et al. v. BAKER et al.**

No. 11770.

Court of Civil Appeals of Texas. Galveston.

June 6, 1946.

Rehearing Denied June 27, 1946.

See, also, 195 S.W.2d 826.

Lawrence Lipper, of Houston, for appellants.

Samuel Schwartz and McFarlane & Dillard, all of Houston, for appellees.

GRAVES, Justice.

This proceeding, brought here by Pullam Gillam and wife, Almeta Gillam, as appellants, against Elbert Baker, administrator of the estate of Sallie Mays Jenkins, deceased, also individually, and Ben F. Moorhead, Judge of the County Court at Law No. 1 of Harris County, and his successors and substitutes in office, as appellees, apparently as being pursuant to Rule 385(a), (b), and (d), Texas Rules of Civil Procedure, is from an order of the 11th District Court of Harris County (Hon. W. W. Moore, Judge), entered January 3 of 1946, reciting, so far as material, this:

"The Court having been advised of the nature of said injunctive proceedings, wherein is sought a temporary injunction against certain forcible detainer proceedings pending before said Honorable Ben F. Moorhead, in the County Court at Law No. 1 of Harris County, Texas, and having duly considered such matters involved:

"It is ordered and decreed, as follows: That the show-cause order prayed for by Plaintiffs against said Defendants is hereby refused, and that the temporary restraining order prayed for by Plaintiffs against said Defendants is hereby refused, and that the temporary injunction prayed for by Plaintiffs against said Defendants is also hereby refused."

The forcible detainer proceedings so referred to in the court's quoted order were those in probate court cause No. 49,548, in such county court at law No. 1, styled Elbert Baker, Administrator, et al. v. Pullam Gillam et al., these appellants; it constituted an appeal to that court, which was then in process of trial thereof before Judge Moorhead, the county judge, of forcible detainer cause No. 85,392 in the justice court of Harris County, precinct 1, position 1, wherein, as between the same parties, the justice court had held the Pullam Gillams, as against Baker, Administrator, et al., entitled to the possession of a house and lot in Houston, Texas, known as 3216 Dowling Street; when such appeal thereof had been tried out on the facts in the county court between such parties, and that court was ready to render its judgment as between them all, these appellants, claiming that, to state it in their own language, "the main issue was and is whether said Gillams had and have reasonable grounds for the claim to the title to the property in question", then filed a motion before such county court at law, urging that court not to file any judgment therein because of claimed.

"fundamental and elemental errors" in the rulings of the court during that trial.

At that stage, although trespass to try title suits involving this land between all parties hereto were then pending undisposed of in the district courts of Harris county, appellants thereupon resorted to the 11th District Court of Harris County in the proceeding from which this appeal emanates, as indicated, and sought by an application to such district court for either a restraining order, or temporary injunction, to stop the county court from entering any judgment at all in that forcible detainer proceeding, which had been so fully tried before it, but in which no judgment had at that date, January 3 of 1946, been entered.

In seeking to so control the probate court in the exercise of its appellate jurisdiction in such cause No. 49,584, then before it, they thus prayed for what they conceived to be their rights before the district court: "Wherefore, Plaintiffs pray that this Honorable Court issue and grant its temporary restraining order and/or temporary injunction against said Defendants, jointly and severally, and to their successors or substitutes in said respective offices, directly or indirectly, from any further proceedings in said suit No. 49,584, pending in the County Court at Law No. 1 of Harris County, Texas, in which said Baker, Administrator, is plaintiff, and in which plaintiffs herein are defendants, wherein plaintiff (Elbert Baker, Administrator) prays for his judgment for the restitution of the possession of the premises herein described, and also for his damages against these Plaintiffs in the sum of $810.00, and for his costs of court, and that said suit remain in status quo, subject to the further orders of this Court. Further, that said Defendant Baker be also enjoined, individually and/or as Administrator, directly or indirectly, from destroying or concealing any of the papers, instruments, or records belonging to the Estate of Sally Mays Jenkins, deceased, including the Last Will and Testament of said Sally Mays Jenkins, deceased. That said injunctive orders remain in force until said H. Robert Smith's trespass to try title suit pending in this Court shall be finally determined."

In such circumstance, recited supra, appellants seek to have this court review the order of the district court so refusing them any of their coveted relief.

The appellees before this court have moved to dismiss this cause from its docket, upon stated grounds, in substance as follows:

"(1) The 11th District Court of Harris County, Texas, was without jurisdiction to grant injunctive relief, enjoining the exercise by the County Court at Law No. 1 of Harris County, of its exclusive judicial prerogatives in receiving a verdict in the trial of the issue of the right of possession in a Forcible Entry and Detainer proceeding had in that Court before a jury, and in entering judgment in such cause, without any showing to the effect that such Court was without jurisdiction to proceed in the cause, or that any judgment entered by such Court was void.

"(2) All rights sought in this cause are, at base, predicated upon an unproduced, unprobated, alleged will, under the belief that Appellants are beneficiaries under such alleged will, which allegations are insufficient to establish any probable right in Appellants to the property in question."

That position is held to be well taken, and will be sustained, under such authorities as these: 19 Tex.Jur., 763, par. 5, and cases there cited; Omohundro v. Nowlin, Tex.Civ.App., 142 S.W.2d 399; Rule 746, Texas R.C.P., Title 64, Revised Civil Statutes of Texas, 1925; Young Women's Christian Ass'n v. Hair, Tex.Civ.App., 165 S.W.2d 238, 239; McRae v. White, Tex.Civ. App., 42 S.W. 793, 794; Basila v. Basila, Tex.Civ.App., 72 S.W.2d 613; Cantrell v. Brannon, Tex.Civ.App., 16 S.W.2d 400; Croom v. Little, Tex.Civ.App., 42 S.W.2d 490; McWhorter v. Gray, Tex.Civ.App., 4 S.W.2d 302.

Judgment of the court below vacated and cause dismissed.