Dan **HENNIGAN**, Petitioner,

v.

Lois **HENNIGAN**, Respondent.

No. C–2890.

Supreme Court of Texas.

June 20, 1984.

Rehearing Denied Oct. 3, 1984.

R.V. Hebisen, Houston, for petitioner.

Parrish & Parrish, Angelo Parrish, Houston, for respondent.

PER CURIAM.

This is an application for turnover filed under TEX.REV.CIV.STAT.ANN. art. 3827a by Hoover, Cox & Miller, the law firm which represented Lois Hennigan in her divorce action with Dan Hennigan. The law firm obtained a judgment for attorney fees of $3,596 plus interest and court costs against Dan Hennigan. The trial court granted the application, appointed a receiver, and awarded the law firm costs. The court of appeals affirmed the trial court's judgment. 666 S.W.2d 322. We refuse the application for writ of error, no reversible error, and a majority of the court orders Dan Hennigan to pay $502.60 to Hoover, Cox & Miller as damages for taking a frivolous appeal for delay only. TEX.R.CIV.P. 438, 491, and 469.

■ Dan Hennigan, an attorney, receives some of his income from retainer fees and some from billing at an hourly rate—an income which is difficult to reach to satisfy a judgment. Article 3827a is specifically designed to aid a judgment creditor whose judgment debtor owns property which cannot be attached or levied on by ordinary legal process. *See, Arndt v. National Supply Co.*, 650 S.W.2d 547 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

■ To assess damages under Rule 438,[1] we must examine the entire record. We conclude the appeal was not taken in good faith, but for delay only.

The law firm twice scheduled depositions to inquire about Hennigan's assets, and he refused to attend. When asked by the trial judge whether he intended to pay the judgment, Hennigan responded, "Well, not voluntarily."

Hennigan filed a four page appellant's brief in the court of appeals which contained two points of error with one paragraph of argument under each. No authority was cited for the arguments. His application for writ of error is skeletal; that is, it contains a statement of jurisdiction and four points of error. No argument of the points of error is presented at all, as required by Rule 469. The points are frivolous.

Rule 438 permits the courts of appeals to award damages of ten percent on the amount in dispute where a frivolous appeal has been taken for delay, and Rule 491 makes the rules prescribed for the courts of appeals applicable in the Supreme Court. The amount in dispute is the attorney fees award of $3,596, with interest accruing at nine per cent per annum from the date of judgment, December 31, 1979. This totals $5,026. Therefore, a majority of the court orders Dan Hennigan to pay $502.60 as damages to Hoover, Cox & Miller for the unneccessary delay he caused by taking this appeal. The application for writ of error is refused, no reversible error.

---

1. All citations to rules refer to the Texas Rules of Civil Procedure.