CV5-609 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00609-CV







Reginald K. Nix, Appellant



v.



Texas Workers' Compensation Insurance Fund, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-10100, HONORABLE PETE LOWRY, JUDGE PRESIDING








 Appellant Reginald K. Nix (1) did not timely tender either a brief or motion for
extension of time to file a brief. In response to a letter from the Clerk of the Court notifying him
that his brief was late and the appeal subject to dismissal for want of prosecution, appellant
tendered a motion for extension of time to file a brief and then tendered a brief that exceeded fifty
pages. Tex. R. App. P. 74(h). On January 11, 1996, the Clerk's office informed appellant that
his brief had been received, and that he needed to file a motion requesting that he be allowed to
file a brief of over fifty pages. As of February 8, 1996, appellant had not responded.

 Accordingly, by an order issued February 14, 1996, the Court ordered that
appellant tender an amended brief that complied with the rules of appellate procedure within ten
days of the date of the order. To date, appellant has not responded.

 Appellee has consistently contended that this appeal was pursued for reasons of
delay only, and has moved that the Court file its brief and, under Rule 74, affirm the judgment
below. Tex. R. App. P. 74(m). In the alternative, it moved to dismiss the appeal for want of
prosecution. Finally, appellee moved to increase damages by 10% for delay. Tex. R. App. P.
84. For the reasons stated below, we will grant appellee's motion to dismiss the appeal for want
of prosecution and its motion to increase damages. Tex. R. App. P. 74(l)(1); Tex. R. App. P.
84.



Factors in Assessing Rule 84 Sanctions


 One factor that has been considered in determining whether an appeal was taken
for purposes of delay only has been whether the brief was well-researched and raised arguable
points of error. See Hennigan v. Hennigan, 677 S.W.2d 495, 496 (Tex. 1984). Appellant's
tendered brief, in addition to being over fifty pages, has numerous other problems. (2) It does not
contain a table of authorities. Tex. R. App. P. 74(b). Scattered throughout the brief are
references such as [S.F. ] and cases cited as: v. , S.W.2d . Two points of error
are never re-stated or argued in the body of the brief.

 Further, appellant checked out the transcript in this cause and did not return it when
due. On December 21, 1995, the Clerk's office contacted appellant concerning the return of the
transcript. To date, we have received no response. Without a transcript, any review the Court
could attempt of the merits of the cause would be substantially hindered.

 Appellant had to be prompted to file his brief in the first place, then was given an
extension of time to file the already over-due brief. The brief tendered to the Court is essentially
a rough draft. Appellant was given the opportunity, through this Court's order, to file a proper
brief. His actions before this Court suggest a litigant who thinks very little of his chances for
reversal and an appeal taken only for delay.

 We dismiss the following pending motions of appellee: (1) the motion for leave
to file its brief; (2) the motion for leave to file a supplemental brief; (3) the motion to affirm the
judgment below. We grant appellee's motion to increase damages by 10% and grant appellee's
motion to dismiss for want of prosecution.



Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Prosecution on Appellee's Motion

Filed: April 3, 1996

Do Not Publish
1. Mr. Nix is an attorney representing himself. Mr. Nix represented a workers'
compensation claimant who recovered from a third party. The cause from which Mr. Nix
appeals is a conversion action against him by the workers' compensation carrier to recover
its lien.
2. We note that the file in the cause shows a copy of a letter from appellee pointing out
that the brief sent to him appears to be a draft, and requesting that the copy tendered to the
Court, if different, be sent to him.