**PILF INVESTMENTS, INC.; Graham Weston, President, PILF Investments, Inc.; Sonesta Holdings, Inc.; Graham Weston, President, Sonesta Holdings Co., Inc.; Jon D. Lowe, Substitute Trustee; Riverside Financial Group, L.L.C.; Graham Weston, President, Riverside Financial Group, L.L.C.; Graham Weston, individually; and Elizabeth Cluck Weston, individually, Appellants,**

v.

**Kristine ARLITT, Appellee.**

No. 04–96–00594–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1997.

Rehearing Overruled March 17, 1997.

G. Wade Caldwell, Vincent A. Notzon, Martin, Drought & Torres, Inc., San Antonio, for Appellants.

Richard H. Ihfe, Ihfe & Associates, P.C., San Antonio, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

GREEN, Justice.

This is an accelerated appeal of a temporary injunction order enjoining foreclosure or other interference with Arlitt's use of her residence until a trial on the merits is held. Because there is a defect in notice to all parties affected by this injunction, we affirm

in part and reverse and remand in part to the trial court for further proceedings.

## Facts

Kristine Arlitt and Elwood Cluck married in 1984. In 1989, they purchased the East Mandalay property in Olmos Park. They divorced in 1996, and she still resides in the home with her minor children. Cluck has suffered serious financial and tax problems connected to his law practice since the mid–80s. Arlitt claims to be the owner in fee simple of the Mandalay property. Her petition alleges that Cluck conveyed his fee simple interest, retaining a marital homestead interest, in the Mandalay property to her in 1992 for her separate use and benefit and as her separate property and estate. She claims that the agreement during their marriage was that Cluck paid the mortgage and taxes and she paid for all the other household expenses.

In 1994, the IRS foreclosed on an income tax lien on the house and sold it at a foreclosure sale to a company controlled by Cluck's son-in-law, Graham Weston. Arlitt alleges that she received no notice of this seizure, foreclosure, and ultimate sale to Weston's company. Further embroiling this scenario are Elwood Cluck's bankruptcy, convictions of bankruptcy fraud for concealing assets through improper transfers at less than fair market value, and a revoking of the earlier discharge for Cluck's debts. This, of course, complicated the divorce decree issued in May of 1996, and it does not appear that there has been a final division of property from the marriage.

Three days after Cluck moved off the premises in March 1996, Arlitt was served with notice that the mortgage was in default, the note was accelerated, and was to be posted for foreclosure sale. She claims this was the first notice she had that any interest in a deed in trust had been assigned to her ex-husband and/or his son-in-law's company and that the note was in default.

Cluck's daughter and son-in-law have assisted him financially several times over the years and are seeking to have the total debt satisfied by Arlitt if she is to forestall the foreclosure on the Mandalay property. She claims that these are loans Cluck obtained shortly before the divorce and that, as with the IRS foreclosure, she was not involved and had no notice of these loans.

Arlitt filed an action for declaratory judgment, seeking to quiet title in her name, and also seeking injunctive relief. The defendants [1] are three entities which purportedly hold liens on the property, Graham Weston, the president of these entities and the son-in-law of Elwood Cluck, and Elizabeth Cluck Weston, who is Cluck's daughter, secretary, and sole employee in his law practice and is married to Graham Weston.

## The Temporary Injunction Hearings

The trial court held two injunction hearings. At the first hearing, Arlitt testified, the defendants cross-examined her, and presented no witnesses of their own. Arlitt stated that she had an ownership interest in the property, that she had no notice of the IRS seizure and subsequent sale to Weston's company, that she was unaware of the other loans Weston's companies had made to Cluck during their marriage, that Cluck, his daughter, son-in-law, and their three entities were now trying to force her to pay off all Cluck's debts to them in order to stop foreclosure. She further stated that this property has been her homestead and only residence since 1989. She also stated that she was willing and able to pay for all payments in default, interest, penalties, and past-due property taxes as soon as the court clarified the true amount of these debts. She identified her signature on the original deed of trust, given at the time she and Cluck purchased the property.

At the second hearing, defendants attempted to introduce new evidence of the bankruptcy fraud conviction and an affidavit

1. The corporate defendants to this lawsuit are PILF Investments, Inc., Sonesta Holdings, Inc., Riverside Financial Group L.L.C. Graham Weston is sued in his capacity as president of each of these three entities and in his individual capacity.

His wife, Elzabeth Cluck Weston, is sued individually. In addition, Jon D. Lowe is named in his capacity as substitute trustee to lienholder Sonesta Holdings, Inc.

Arlitt had used in a Wilson County proceeding in which she stated that the Wilson County ranch she and Cluck owned was her homestead. They also wanted to tell the judge what had transpired at a recent bankruptcy hearing. Arlitt's objections to introducing new evidence were sustained. The trial court cautioned defendants that new evidence was not appropriate under a motion to reconsider.

Defendants objected that only one of the three entities, its president, and the substitute trustee had been served on the motion for temporary injunction and, therefore, the injunction should not cover any activities of the other interested parties. It was noted, however, that those other entities were closely related to the ones before the court. These other entities, all named defendants in the underlying suit for declaratory and injunctive relief, were also represented by the same attorneys as the parties who had formal notice of the injunction hearings.

## The Standard of Review

Our review of this order is limited to finding a clear abuse of discretion. *See Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). We do not decide the merits of the cause of action. *See id.* Under this standard, the trial court's ruling should be reversed only in two situations: (1) where it has erroneously applied the law to undisputed facts; or (2) where the trial court concluded that the applicant has a probable right of recovery and that conclusion is not reasonably supported by the evidence. *See State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975).

Appellants raise three points of error citing an abuse of discretion in granting the temporary injunction: (1) because Arlitt failed to state a cause of action against Sonesta or Lowe that would entitle her to any relief; (2) because Arlitt failed to tender full payment of past due amounts; and (3) because the injunction also extended to the activities of PILF, Riverside, and the Westons, who were not named in the application or given notice of the injunction hearing.

## The Grounds for Granting a Temporary Injunction

Arlitt sought a temporary injunction in order to prevent a forced sale of the property while the parties' interests in the property were being litigated. *See* TEX.CIVIL PRAC. & REM.CODE § 65.011(2) (Vernon 1986 & Supp. 1997) (to enjoin act related to the subject of pending litigation which would render judgment ineffectual). The purpose of a temporary injunction is to merely maintain the status quo until a trial is held on the merits. The status quo is the position the parties were in before the dispute arose. *Story v. Story*, 142 Tex. 212, 176 S.W.2d 925, 927 (1944).

The decision to grant or deny a temporary writ of injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion. To warrant issuance of a temporary injunction, the applicant need only show a probable right and probable injury. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d at 528. The applicant is not required to establish that he will finally prevail in the litigation. *Id.* The judgment of the trial court will be upheld unless we are convinced that it represents a clear abuse of discretion and that there is no abuse of discretion if the evidence tends to sustain the cause of action as alleged. *Id.*

## Probable Right to Recovery

■ Appellants' first assignment of error concerns Arlitt's probable right to recovery. They claim she failed to state a cause of action against defendants Sonesta or Lowe. The allegations concern Sonesta Holdings' acquisition of the original promissory note and deed of trust on the Mandalay property. Arlitt alleges that Sonesta is the alter ego of Graham Weston. Lowe is sued in his capacity as substitute trustee. The acquisition and threatened foreclosure are alleged to be fraudulent and void ab initio. Appellants rely on *Mussina v. Morton* for the proposition that where a deed is valid on its face and no question has been raised as to its validity or as to the justness of the underlying debt, a request for a temporary injunction should be denied. *See Mussina v. Morton*, 657 S.W.2d

871, 873 (Tex.App.—Houston [1st Dist.] 1983, no writ). This reliance is misplaced in Arlitt's case because the facts are clearly disputed as to the validity of the lien and the justness of the debt. Arlitt testified to her lack of notice of the transfer and the defaults and that these activities are part of a conspiracy to defraud her. Her testimony also established irreparable harm and no adequate remedy at law. The trial court found a justiciable controversy and enjoined Sonesta, its president, and Lowe to preserve the status quo on these issues until a factfinder determines these issues. At the hearing for a temporary writ of injunction, the applicant is not required to establish that she will prevail on final trial. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). The only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits. *Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981). In reviewing the issuance or denial of a temporary injunction, we view the evidence in a light most favorable to the trial court's judgment. *Canales v. Borg–Warner Acceptance Corp.,* 663 S.W.2d 677, 679 (Tex.App.—Corpus Christi 1983, no writ); *Diesel Injection Sales & Service, Inc. v. Renfro,* 619 S.W.2d 20, 21 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). We do not find an abuse of discretion in the trial court's finding. Appellant's first point of error is overruled.

### Failure to Cure Default

■ In a second point of error, appellants claim that Arlitt is not entitled to equitable relief because of her conduct and because she has not tendered the full sum for the past due payments which are due and owing. The only evidence appellants presented on this issue is that Arlitt has not tendered full payment to cure the default. She testified that she was, nevertheless, willing and able to do so once the amount in controversy was sufficiently clarified to do so. Certain amounts have since been deposited into the registry of the court. There is conflicting evidence concerning the demand made on the note, the notice given, and the amount owed. There is evidence that amounts not related to the promissory note were also demanded as a condition to forestall foreclosure. These are all questions that must be resolved at a trial on the merits not at an injunction hearing as appellants seem to suggest. Moreover, the *Berryman* opinion upon which appellants place great reliance, actually supports Arlitt's position that when the amount owed is in controversy, tender of the amount demanded is not necessary to obtain a temporary injunction. *See El Paso Development Co. v. Berryman,* 729 S.W.2d 883, 885 (Tex.App.—Corpus Christi 1987, no writ). Viewing as we must the evidence in the light most favorable to the trial court's injunction, we do not find an abuse of discretion under these circumstances. Appellants' second point of error is overruled.

### Notice

■ In their third point of error, appellants allege an abuse of discretion because the order enjoins not only Sonesta, its president Weston, and Lowe, but also enjoins defendants PILF, Riverside, and Graham and Elizabeth Weston, individually—four parties who were not given proper notice of the temporary injunction hearing. No temporary injunction shall issue without notice to the adverse party. TEX.R.CIV.P. 681. Although all of the parties enjoined by the order in question have been served with process and are properly before the trial court as defendants in a suit for declaratory judgment to declare title to real property, remove cloud from title to real property, and injunctive relief, only three of the defendants were actually named in and served with the Temporary Restraining Order which contained the notice of hearing on the Application for Temporary Injunction. When the hearing was convened, Vincent Notzon of the law firm of Martin, Drought & Torres, entered an announcement that he was there to represent Sonesta Holdings, Inc, Graham Weston, in his capacity as president of Sonesta, and Jon D. Lowe, the substitute trustee. Notzon also informed the court that "those are the only three defendants that are before the Court at this point on this Temporary Restraining Order."

■ The trial court made several inquiries to determine whether all the necessary parties were before the court. On each occasion, appellants' attorneys informed the court that only three of the defendants were before the court. The counsel before the court representing Sonesta, its president, and Lowe also represent the parties who were not named in the temporary injunction motion. Although counsel for the unnamed defendants had actual notice of the motion and hearing, that does not put them on notice that they will be expected to also defend the unnamed parties at the injunction hearing. *Cf. City of Austin v. Texas Public Employees Ass'n,* 528 S.W.2d 637, 640 (Tex.Civ.App.—Austin 1975, no writ). The requirement of notice impliedly requires an adequate opportunity to be heard. *Id.* While attorneys Notzon and Friedsam participated in the hearing on behalf of the named defendants, they had no notice that the court would expect them to present evidence with regards to the issues tied to their unnamed clients. We hold that notice on a motion for injunctive relief is inadequate to the extent a non-movant party, who is ultimately enjoined, is not served with notice of the hearing.

While we recognize that Arlitt's attorney had very recently taken over the case from a pro se client and found his client in an emergency situation with the defendants pursuing imminent foreclosure and eviction in several forums, we cannot agree that all parties were properly before the trial court at the time this injunction issued. Appellants' third point of error is granted.

### Conclusion

Appellants' first two points of error are overruled. The temporary injunction, to the extent it enjoins Sonesta, its president Graham Weston, and substitute trustee Jon D. Lowe, is affirmed. Appellants' third point of error is sustained. To the extent the temporary injunction order enjoins the actions of defendants PILF, Riverside, and Graham and Elizabeth Weston, individually, the order is reversed and remanded to the trial court

for further proceedings. Each party shall bear its own costs of appeal.

DUNCAN, J., concurs in the judgment only.