v01752.mc2




 








NUMBER 13-01-752-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


 


GEORGE M. GERJETS, Appellant,


v.



JESSICA DAVILA, Appellee.

 




On appeal from the 107th District Court of Cameron County, Texas.


 


O P I N I O N



Before Justices Hinojosa, Castillo, and Chavez (1)


Opinion by Justice Chavez


 

 In this appeal, we are asked to consider whether: (1) a district court can order a non-judgment debtor not properly before the court to turn over funds at issue in another lawsuit
and in which the non-judgment debtor claims an interest; and (2) whether a party so
ordered can appeal from that order. We hold that: (1) without proper notice, a court cannot
order a non-judgment debtor to turn over funds at issue in another lawsuit in which the non-judgment debtor claims an interest; and (2) a non-judgment debtor who is not properly
before the court, but is nonetheless aggrieved by a turnover order, may appeal such an
order. We, therefore, reverse and remand.

 Jessica Davila, appellee, obtained a judgment in excess of $100,000 against Valley
Nissan, Inc. ("Valley Nissan") in 1997 in the 107th District Court of Cameron County. 
Valley Nissan appealed the judgment, but never filed a supersedeas bond. (2) At the time
the judgment was pending, appellant, George Gerjets, was the president, sole shareholder,
and chief executive officer of Valley Nissan. On October 1, 1999, Valley Nissan was sold
to B & T Nissan, Inc. In a post-judgment deposition, Gerjets testified that several used
cars, obsolete tools, and equipment were not included in the sale. (3) He further testified that
after the sale, the remaining assets were distributed to Valley Nissan's creditors. He was
one of those creditors and received the cars and other equipment. After the distribution
of the assets, Valley Nissan, according to Gerjets, was dissolved.

 On September 8, 1999, Gerjets d/b/a Valley Nissan entered into an auction
agreement with James Dunn for the auction of the used cars, tools, and equipment. The
auction was held on October 23. Thereafter, a dispute arose between Gerjets and Dunn
over the amount of money collected. When the dispute was not resolved, Gerjets filed suit
in the 103rd District Court for an accounting and other causes of action. (4) On or about
October 5, 2001, Davila intervened in that lawsuit. 

 On September 21, 2001, Davila obtained an ex-parte turnover order and temporary
restraining order from the 107th District Court, and a modified ex-parte turnover order and
temporary restraining order on October 2, 2001. The modified order ordered James C.
Dunn, his attorney, William Hubbard, "Valley Nissan Inc., by and through George Gerjets
and George Gerjets" to turn over the monies in dispute in the Gerjets/Dunn lawsuit in the
103rd District Court to Juan Magallanes, who was appointed as a receiver to take control
of the funds. The order also set a hearing on the permanent injunction for October 5, 2001
and directed the clerk of the court to issue notice to Dunn, Gerjets, and Hubbard to appear
for the hearing.

 Dunn, through his attorney, Hubbard, filed an objection to the disbursement of the
funds on October 4. On October 5, Hubbard appeared before the court and announced
that he had entered into an agreement whereby he would deliver the funds to the receiver,
who, in turn, would turn the funds over to Davila's attorney for safekeeping in the attorney's
trust account. Robert Banks, who represented Valley Nissan in Davila's underlying lawsuit
and represented Gerjets in the Gerjets/Dunn lawsuit, also appeared at the hearing. Banks
informed the court that he was appearing because he had been served, but that neither
the judgment creditor, Valley Nissan, nor Gerjets had been served with the (restraining)
order.

 No witnesses were called at the hearing. Without objection, Davila introduced the
auction agreement between Gerjets and Dunn and the pleadings from the Gerjets/Dunn
lawsuit in the 103rd District Court. After arguments of counsel, the court issued an order 
ordering that the disputed monies be turned over to Davila's attorneys and granting a
permanent injunction in Davila's favor. The order found that Valley Nissan and Gerjets had
failed to show: (1) that the court's final judgment against Valley Nissan was other than final
and enforceable; (2) that the cars and equipment auctioned by Dunn were not inventory
belonging to Valley Nissan at the time of trial; (3) that the monies obtained from the auction
should not be applied to the judgment; (4) that a supersedeas bond was posted; (5) that
the monies from the auction were exempt property; and (6) that there was no danger of
dissipating said monies. The court then ordered that the monies be deposited in the trust
account of Cisneros & Mattingly, P.C., Davila's attorneys, pending resolution of the appeal
of her underlying lawsuit. The order also ordered Gerjets to pay interim attorney fees and
expenses.

 In his first issue, Gerjets argues that the court lacked jurisdiction to issue the order
because it was being enforced against non-judgment debtors, himself and Dunn. (5) Gerjets
also contends he was not served with Davila's motion for ex parte turnover, the order
setting hearing on October 5, or with the order granting permanent injunction in Davila's
favor. Davila, on the other hand, cites Stroud v. Stroud, 733 S.W.2d 619, 620 (Tex.
App.-Dallas 1987, no writ), in support of her argument that Gerjets has no standing to
appeal the order because he is appealing as an individual and is a stranger to the order. 
Davila further cites Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993), in support of the proposition that standing requires the existence of a real
controversy between the parties. Davila argues that Gerjets is not a party to her judgment
against Valley Nissan, and thus has no standing to appeal the trial court's granting of the
turnover order. 

 The turnover statute, found in section 31.002 of the civil practice and remedies
code, is a procedural mechanism by which a judgment creditor can reach assets of a
judgment debtor that are otherwise difficult to attach or levy on by ordinary legal process. 
See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2003); Beaumont Bank,
N.A. v. Buller, 806 S.W. 2d 223, 224 (Tex. 1991). The statute provides that:

(a) A judgment creditor is entitled to aid from a court of appropriate
jurisdiction through injunction or other means in order to reach property to
obtain satisfaction on the judgment if the judgment debtor owns property,
including present or future rights to property, that:


 (1) cannot readily be attached or levied on by ordinary legal process;
and

 (2) is not exempt from attachment, execution, or seizure for the
satisfaction of liabilities.


(b) The court may:


 (1) order the judgment debtor to turn over nonexempt property that is
in the debtor's possession or subject to the debtor's control, . . .


Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2003).

 We review the issuance of the turnover order and permanent injunction under an
abuse of discretion standard. Buller, 806 S.W.2d at 226. A trial court abuses its discretion
when it acts in an unreasonable or arbitrary manner or, stated differently, acts "without
reference to any guiding rules and principles." Id. In the context of turnover orders, a trial
court's issuance of a turnover order, even if predicated on an erroneous conclusion of law,
will not be reversed for abuse of discretion if the judgment is sustainable for any reason. 
Id. (citing Buttles v. Navarro,766 S.W.2d 893, 894-95 (Tex. App.-San Antonio 1989, no
writ)). We will now consider whether the trial court abused its discretion in including
Gerjets in the order without giving him notice of the order and hearing.

 We first note that no temporary injunction shall be issued without notice to the
adverse party. Tex. R. Civ. P. 681; PILF Invs., Inc. v. Arlitt, 940 S.W.2d 255, 260 (Tex.
App.-San Antonio 1997, no writ) (notice on a motion for injunctive relief is inadequate to
the extent a non-movant party, who is ultimately enjoined, is not served with notice of the
hearing). Davila does not dispute that Gerjets was neither served with the temporary
restraining order nor given notice of the hearing. Rather, she argues that Gerjets was not
a party to her underlying lawsuit against Valley Nissan and thus, presumably, was not
entitled to notice of the permanent injunction hearing. The October 2, 2001 modified
turnover order and temporary restraining order, however, ordered Dunn, Valley Nissan, and
Gerjets to turn over the monies that were the subject of the Gerjets/Dunn lawsuit and
enjoined each of them from dissipating the funds pending the hearing. 

 At the October 5, 2001 hearing, Davila introduced Gerjets's original petition filed in
the Gerjets/Dunn lawsuit in the 103rd District Court. In that petition, Gerjets, proceeding
individually, clearly alleges a claim of ownership to a portion of the monies Dunn collected
at the auction. With respect to the monies he voluntarily surrendered to the receiver,
Hubbard informed the court that "the vast majority of the money belongs to Mr. Gerjets,
or whoever is entitled to it under the terms of the auction." Davila argues, however, that
the auction agreement and sales slips establish that the monies from the auction are
traceable back to Valley Nissan. Although there was no objection to the admissibility of
the agreement or sales slips, no one testified about the meaning of the documents. 
Further, without proper notice of the order or hearing, Gerjets was not afforded the
opportunity to contest Davila's assertions. See PILF, 940 S.W.2d at 260 (the requirement
of notice impliedly requires an adequate opportunity to be heard). In issuing the permanent
injunction, the court nonetheless held that Valley Nissan and Gerjets had failed to establish
certain proof with respect to the origin of the funds. 

 Davila also argues that Gerjets was given notice through Valley Nissan's attorney,
Robert Banks. The exhibit that Davila refers to in support of her argument is a notice
directed to: "Valley Nissan by serving Robert Banks." There is nothing in the record that
shows service on Gerjets or that Banks was authorized to accept service for Gerjets. We
hold that service to "Valley Nissan by serving Robert Banks" was not proper service on
Gerjets.

 The court's findings in the order granting permanent injunction effectively
adjudicated any property interest that Gerjets might have had in the funds in question
without giving him an opportunity to be heard, thus depriving him of due process. 
Resolution Trust Corp. v. Smith, 53 F.3d 72, 80 (5th Cir. 1995) ("It is even more clear that
a party not even before the court cannot have its rights determined via the turnover
proceeding."); Ex parte Swate, 922 S.W.2d 122, 125 (Tex. 1996) (Gonzalez, J. concurring)
("Whether a turnover is enforceable by a contempt order directed to a stranger to the
lawsuit is a serious matter that goes to the very heart of due process."). We have already
noted that Davila considers Gerjets a stranger to her underlying lawsuit against Valley
Nissan.

 Davila also argues that Gerjets and Valley Nissan are one and the same and that 
Gerjets is thus a proper judgment debtor. It is undisputed, however, that the underlying
judgment is only against Valley Nissan, a corporation. While Gerjets was the chief
executive officer and sole shareholder of Valley Nissan, he is an individual and a stranger
to Davila's judgment. Before Davila can proceed against Gerjets's personal assets, she
must first, in a separate proceeding, pierce the corporate veil. See Cross, Kieschnick &
Co. v. Johnston, 892 S.W.2d 435, 439 (Tex. App.-San Antonio 1994, no writ) (reversing
judgment rendered against partners when underlying judgment involved corporation,
holding that it was improper as a matter of law to issue order against non-judgment debtor);

United Bank Metro v. Plains Overseas Group, Inc., 670 S.W. 2d 281, 284 (Tex.
App.-Houston [1st Dist.] 1983, no writ) (determining that creditor who obtained judgment
against individual was not entitled to turnover order against corporation until creditor
successfully pierced corporate veil in separate proceeding). 

 Finally, Davila contends that Gerjets, as an individual, is not entitled to appeal
because he is a stranger to the order being appealed. We disagree. The order states that
Gerjets failed to establish certain proof, which resulted in findings by the court that are
harmful to him. There is some evidence in the record to suggest that the court was aware 
that Gerjets had a property interest in the funds that the court ordered turned over. This
Court has previously held that a turnover order acts as a mandatory injunction against the
judgment debtor and, if there are such parties, against the receiver and any third parties
interested in the property rights being adjudicated. See Int'l Paper Co. v. Garza, 872
S.W.2d 18, 19 (Tex. App.-Corpus Christi 1994, orig. proceeding). Thus, third parties
potentially aggrieved by an order have a right to appellate review of the order to protect
their affected property interests. See id.

 We hold that the trial court abused its discretion in ordering the turnover of funds,
which were the subject of litigation in another district court, without giving proper notice to
the non-judgment debtor claiming ownership of such funds. Accordingly, we REVERSE
the trial court's October 5, 2001 order ordering turnover of the monies collected in the
auction and granting a permanent injunction in Davila's favor, and REMAND to the trial
court for further proceedings consistent with this opinion. 

 


 MELCHOR CHAVEZ

 Justice





Opinion delivered and filed this the

4th day of September, 2003.

 
1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to Tex. Gov't Code Ann. § 75.002 (Vernon 1998). 
2. The case was tried in September 1999 and the judgment was signed December 16, 1999. Appellate
cause number 13-00-00153-CV, styled Valley Nissan, Inc. v. Jessica Davila, remains pending on appeal. 
3. Although portions of Gerjets's deposition were attached to Davila's turnover motion, none of his
deposition testimony was introduced as evidence at the hearing on the temporary restraining order.
4. The Gerjets/Dunn lawsuit in the 103rd District Court is cause number 2001-04-001861, styled George
M. Gerjets v. James C. Dunn. 
5. Since Dunn voluntarily surrendered the funds and has not appealed the order, we address only
Gerjets's status.