ACCEPTED
13-14-00584-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/14/2015 10:27:37 PM
DORIAN RAMIREZ
CLERK

No. 13-14-00584-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

2/17/2015 8:00:00 AM

DORIAN E. RAMIREZ
Clerk

# In The

# Thirteenth Court of Appeals

◆

JOHNNY PARTAIN,

*Appellant*

v.

ESTATE OF JAMES HAROLD MAPLES

*Appellee*

From County Court at Law No. 5

Hidalgo County, Texas

◆

**Apellee's Brief**

◆

Oral argument requested if necessary

William McCarthy, Attorney at Law
124 S. 12th Street
Edinburg, Texas 78539
P: 956-383-5654
F: 956-382-0001



## In The

## Thirteenth Court of Appeals

◆

JOHNNY PARTAIN,

*Appellant*

v.

ESTATE OF JAMES HAROLD MAPLES

*Appellee*

◆

**Apellee's Brief**

◆

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW William McCarthy Appellee in the above styled and numbered cause and files his *Appellee's Brief,* and respectfully shows unto the Court the following. Defendant will be referred to as Appellee. Partain will be referred to as Appellant. Reference to the clerk's record will be CR(page). References to the Reporter's record will be RR(page).

# IDENTITY OF PARTIES AND COUNSEL

Appellant:

A.  JOHNNY PARTAIN, 7020 N. 16th Street, McAllen, Texas 78504; phone

956-240-1821; partain@atlastechnologies.biz.

Appellee:

B.  The Estate of James Harold Maples, through William John McCarthy

attorney for the estate off James Harold Maples, 124 S. 12th Street,

Edinburg, Texas 78539; mccarthy.625@gmail.com.

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................. iii

INDEX OF AUTHORITIES.................................................................................... v

STATEMENT OF THE CASE ................................................................................. 1

ISSUES PRESENTED ......................................................................................... 2

SUMMARY OF ARGUMENT ............................................................................... 6

ARGUMENTS ................................................................................................... 7

CONCLUSION ................................................................................................ 16

# INDEX OF AUTHORITIES

1. Bellore SA v. Import Warehouse, 448 F2d 317, (5th Circuit) ............ 15

2. Breceda v. Wii, 224 3d 237, (App8 2005) ........................................... 8

3. Chenault v. Phillips, 914 SW2d 140, 141 (TX 1996) .......................... 7

4. Constitution Article 5 § 19 ................................................................. 7

5. Craven v. Daugin Travers Company 770 SW2d 573 (Houston 14th Dist. 1989) writ denied. .............................................................................. 15

6. Ex Parte Tucci, 859 SW2d 1, 2, n. 4 (TX 1993) ................................. 7

7. Gerjets v. Davila 116 SW3d 864 (Corpus Christi, 2003) ................... 15

8. Government Code § 27.03 (a)(2)........................................................ 7

9. Gilliam v. Baker, 195 SW2d 824 (Houston, 1946) ref nre .................. 8

10. Hennigan v. Hennigan, 677 SW2d 495, 496 (TX 1984)...............13, 17

11. Henke v. Peoples State Bank, 6 SW3d 717, 720 (Corpus Christi 1999, pet. dismissed).................................................................................. 7

12. In re TX Nat. Res – Conserve, Comm'n., 85 SW3d, 201, 205 (TX. 2002). ................................................................................................ 7

13. Kassim v. Carlisle Interests (App 5 2010) 308 SW3d 537 .................. 8

14. Loville v. Loville, 944 SW2d 818, 819 (Beaumont - 1997) writ denied." ............................................................................................... 9

15. <u>Republic Ins. v. Millar</u> 525 SW2d 780 (Houston 14th Dist. 1992)..... 15

16. <u>Rusk v. Rusk</u> 5 SW3d 299 (Houston 14th Dist. 1999) ....................... 14

17. <u>Tanner v. McCarthy</u> 274 SW3d 311 (Houston 1st Dist. 2008)......... 14

18. Texas Civil Practices and Remedies Code § 31.002........................ 14

19.TRCP 680................................................................................. 7

# STATEMENT OF THE CASE

Appellant is appealing from the dissolution of a Temporary Restraining

Order following a hearing in County Court at Law No. 5.

# ISSUES PRESENTED

1.  Denial of a Temporary Restraining Order is not appealable.

2.  Neither County, District, Appellate Courts nor the Supreme Court has jurisdiction to rule on a final judgment by a Justice Court in the absence of a timely appeal.

3.  County Court No. 5 did not abuse its authority in denying injunctive relief. The exercise of its judgment is an integral part of the judicial process and not an abuse of discretion.

4.  Texas Property Code § 24 is intrinsically constitutional. Statutes, acts and codes passed and adopted by the legislature are enacted under the authority of and pursuant to the constitution.

5.  Turnover Order No. 5 was eradicated by a Federal Court judgment which became final.

# STATEMENT OF FACTS

FACT, Mr. Partain broke into and occupied a condo from which he was evicted and which judgment became final. He illegally leased the premises to Dora Martinez. See Appendix 1 and 2.

FACT, an FED action was filed and Mrs. Martinez, having twice failed to appear was evicted. Mr. Partain attempted to represent Mrs. Martinez, but not being a licensed attorney was not allowed to practice law without a license. That judgment became final and was not timely appealed. See Appendix 3.

FACT, Mr. Partain then filed a Motion for TRO with County Court at Law No. 5 which was argued and subsequently dissolved. See Appendix 4.

FACT, Mr. Partain then attempted to get another TRO from County Court at Law No. 7 to bar any enforcement action, which was denied. Mr. Partain then filed an Emergency Motion with the Court of Appeals, which was dismissed. See Appendix 5.

FACT, A Writ of Possession was issued and executed in October, 2014.

FACT, Mr. Partain then sought in an ex parte action relief from County Court at Law No. 8 after his motion was denied by County Court at Law No. 7. Partain asked for incarceration and disbarment of adverse Counsel, which County Court of Law No. 8 did not act upon. In addition, Mr. Partain filed a grievance with the State Bar. The State Bar denied his action.

FACT, Mr. Partain is not an attorney; has never gone to law school; is not licensed to practice, has no legal training and is a frustrated, wannabe lawyer.

FACT, layman Partain never filed a Petition for a Turnover Order pursuant to the statute and never invoked the assistance of the Court or had a receiver appointed. He drafted his own order and subsequently obtained Turnover Order No. 5 after the jurisdiction of the issuing court, County Court of Law 1, had expired. During this time, Mr. Partain resorted to self-help broke into premises, seized assets, cash, checks, mail, records and other property.

FACT, Mr. Partain's Turnover Orders were eviscerated in a Federal Court Adversary Proceeding which he did not appeal and which, became a final judgment. See Appendix 6. Mr. Partain clings to his Turnover Order

No. 5, like a rabbit's foot because he has no concept of final judgments and the full faith and credit effect accorded to them.

FACT, Mr. Partain has been through over 17 legal proceedings since Counsel's involvement with this case. Mr. Partain resents anyone responding to his complaints and has steadfastly refused to appear in court proceedings that required him to account for assets illegally seized.

FACT, Mr. Partain's frustrations are reflected in his suits against:

- Four Federal District Court judges

- Two Justices of the Peace

- The Mayor of McAllen

- The Mayor of Edinburg

- Deputies who served writs

- The Sheriff of Edinburg

- The Police Chief of McAllen

- Four District and County Courts

- The Hidalgo County District Attorney

and multiple Appellate actions arising from his endless attempts to relitigate adversely decided issues.

## SUMMARY OF ARGUMENT

1. Denial of a Temporary Restraining Order is not appealable.

2. County Court at Law No. 5 and the Court of Appeals are without jurisdiction to pass on an FED judgment, which has become final.

3. The dissolution after hearing of a TRO by the issuing court cannot constitute an abuse of discretion.

4. Texas Property Code Provision, § 24 cannot be unconstitutional. The Code provision was enacted pursuant to constitutional authority.

5. The Turnover Order was eradicated by a Federal Court.

# **ARGUMENTS**

## 1. DENIAL OF A TEMPORARY RESTRAINING ORDER IS NOT APPEALABLE

The denial of a Temporary restraining order cannot be appealed. <u>In re TX Nat. Res – Conserve, Comm'n.</u>, 85 SW3d, 201, 205 (TX. 2002); <u>Ex Parte  Tucci</u>, 859 SW2d 1, 2, n. 4 (TX 1993); <u>Henke v. Peoples State Bank</u>, 6 SW3d 717, 720 (Corpus Christi 1999, pet. dismissed); TRCP  680 (TRO "shall expire by its terms.')

## 2. COUNTY COURTAT LAW NO. 5 DID NOT HAVE JURISDICTION TO PASS ON A JUSTICE COURT JUDGMENT WHICH BECAME FINAL

Justice Courts have original and exclusive jurisdiction over Forcible Entry and Detain (FED) actions. The jurisdiction of Texas courts is conferred solely by the Texas Constitution and state statutes. <u>Chenault v. Phillips</u>, 914 SW2d 140, 141 (TX 1996). The justice courts were created by the Texas Constitution. See Texas Constitution Article 5, § 19. Justice courts in the precinct where the real property is located have original and exclusive jurisdiction over eviction suits. <u>Government Code</u> § 27.03 (a)(2).

District Courts lack jurisdiction to issue an injunction restraining a landlord from terminating a lease since the issue was subject to Justice Court's possessive, original and exclusive jurisdiction over FED actions. Kassim v. Carlisle Interests (App 5 2010) 308 SW3d 537.

"…District Court's order did not restrain landlord from pursuing their FED action in Justice of the Peace Court." Breceda v. Wii (App 8 Dist 2005) 224 SW3d 237.

In short, District Courts and County Courts have no authority to restrain Justice Courts from determining a right of immediate possession. The 11th District Court of Houston was without jurisdiction to grant injunctive relief against FED proceedings in the absence of showing that the County Court was without jurisdiction to proceed or that the judgment entered was void. Gilliam v. Baker, 195 SW2d 824 (Houston, 1946) ref nre.

Appellant has advanced the argument that if the value of the property exceeds $10,000 a Justice Court exceeds its jurisdiction in deciding an FED action. Appellant has confused monetary jurisdiction with subject matter jurisdiction. Monetary jurisdiction concerns itself with the amount in controversy. Subject matter jurisdiction focuses

on the type of case a particular tribunal can hear, for example, an Admiralty Court or the Railroad Commission.

Historically, the distinction between those legal concepts is clear. The difference is so fundamental that it exists in all legal systems in being.

In fact, Appellant's argument was applied in an effort to extend the subject matter jurisdiction of County Courts to resolve the determination of title to land because their monetary jurisdiction had been increased. In rejecting this analysis, the Court of Appeals noted:

> Appellees provided neither authority nor good reason for this court to ignore completely § 26-043, which clearly and specifically limits the subject matter jurisdiction of County Court regardless of the amount in controversy; limitations placed on statutory County Courts by § 25.0003(c). Loville v. Loville, 944 SW2d 818, 819 (Beaumont - 1997) writ denied."

The equation of monetary and subject matter jurisdiction is error and does violence to settled legal principles that are too plain for argument.

## 3. THE DISSOLUTION OF THE TRO FOLLOWING A HEARING IN THE COURT WHERE APPELLANT FILED HIS ACTION CANNOT CONSTITUTE AN ABUSE OF DISCRETION

The decision of the County Court on the action pending before it is nothing more and nothing less than the exercise of judicial judgment over a controversy pending before it. This is the essence of judicial resolution of a legal matter. What else is the judge to do except decide the case before him?

Appellant filed his request for a TRO with County Court at Law No. 5. He did this without standing after he illegally occupied premises following the death of James H. Maples on March 29, 2015. This property was owned by James H. Maples since 1978. The Maples family insisted that Counsel reinstitute another FED action, which operated to the benefit of Mr. Partain.

In the interim, Appellant misrepresented to a Dora Martinez that he owned the property. His tenant failed to show for two eviction proceedings and a judgment was taken and became final. The action in County Court at Law No. 5, came nine days after the

rendition of judgment in the Justice Court and could not constitute an appeal of the Justice Court proceeding.

At the hearing, Appellant presented only argument. Appellant requested the Court to make findings of fact and conclusions of law. His suit for injunctive relief was not an appeal of the FED action. In this respect, his pleadings did not comply with the requisites for injunctive relief under the Texas Rules of Civil Procedure and the court dissolved the injunction. The ruling was a negative finding that Appellant did not prove his case. It is a failure to find that does not need evidentiary support.

His bizarre assignments of error do not raise a single factual sufficiency issue. He has not shown himself entitled to judgment as a matter of law so he has failed to raise any legal sufficiency points. Nor has he alleged that the finding of the court was so against the great weight and preponderance of the evidence that it was manifestly unjust or erroneous. So that Appellate point has fallen by the wayside. Appellant simply, in the words of a Federal Bankruptcy judge predicated his complaint on the sole ground "...that he is dis-

satisfied with the result." This is another classic mistake that a layman would make.

After he lost, Appellant tried to have County Court at Law No. 7 grant him injunctive relief in a matter that had already been decided by County Court at Law No. 5 in an effort to relitigate the case. After losing there, Appellant then went to County Court at Law No. 8 trying to duplicate his unsuccessful efforts and called for the incarceration and disbarment of adverse Counsel, where he lost again. See Appendix 12.

## 4. TEXAS PROPERTY CODE § 24 CANNOT BE UNCONSTITUTIONAL

Appellant argues that a Property Code provision which has the force of a statute is inherently unconstitutional because after hearing by courts of competent jurisdiction, it deprives him of property without due process of law. First, without getting into what or how much process is due, in view of the previous 17 proceedings since this Counsel's involvement, the argument is so obviously lunatic it does not warrant a response.

To state it simply, Federal and State Court judgments by courts of competent jurisdiction, if allowed to become final are entitled to full faith and credit throughout the nation. Simply because a litigant loses a case, which may result in a loss of money or property, does not constitute the substantial equivalent of a denial of due process, exceeding the scope of judicial authority or a lack of constitutionality because one side has lost and one side has won. That is the nature of litigation.

Appellate Courts have the authority to award damages for frivolous appeals under the Texas Rules of Appellate Procedure (TRAP) 62; Hennigan v. Hennigan, 677 SW2d 495, 496 (TX 1984). This is a frivolous appeal. Appellee requests that he be awarded $45,000 in damages for the numerous, frequent and repeated filings and associated legal costs in terms of time and energy reflective of the infinite relitigation that is characteristic of Appellant's endless refusal to accept adverse judgments. This blank wall irrationality that seeks to have the courts determine that black is white, up is down, in is out and square is round needs to be brought to an end.

## 5. THE TURNOVER NO 5 WAS ERRADICATED BY A FEDERAL COURT

Infamous Turnover Order No 5 was neutralized and held for naught by Judge Marvin Isgur in a Federal Court Adversary Bankruptcy Proceeding. For Chronology, See Appendix 7; Judgment 08-27-06 See Appendix 7; Motion for Contempt Exhibit 2, See Appendix 8-9. Despite this, he keeps clinging it to it like an amulet, ignoring the fact that it is without legal effect.

Examination of the forty-page docket sheet shows no action for a turnover proceeding pursuant to statute was ever initiated in County Court at Law No. 1, pursuant to TCPRC § 31.002. This order was concocted by Partain at his sweeping best. Preliminary requirements that the debtor own property that cannot be attached or levied upon by a court during a legal proceeding and that is not exempt from process were never met. Without this, the court can grant no relief under the statute. Tanner v. McCarthy 274 SW3d 311 (Houston 1st Dist. 2008). This is an extraordinary remedy which courts are loath to utilize except as a last resort. Rusk v. Rusk 5 SW3d 299 (Houston 14th Dist. 1999). It cannot be used to attach assets not

subject to attachment or that can be levied on by ordinary legal process. In <u>Gerjets v. Davila</u> 116 SW3d 864 (Corpus Christi, 2003); <u>Bellore SA v. Import Warehouse</u> 448 F2d 317 (5th Circuit 2006).

Partain, without the aid of an appointed receiver or the Court and without making proof of necessary facts to authorize the invocation of the Turnover Statute to remove property, without showing a lack of other legal remedies and without determining the exempt or non-exempt nature of property subject to attachment, started kicking in doors and removing property. The Turnover Statute cannot determine property rights of judgment debtors <u>Bellore SA v. Import Warehouse</u> 448 F2d 317 (5th Circuit 2006). It cannot determine ownership of funds <u>Craven v. Daugin Travers Company</u> 770 SW2d 573 (Houston 14th Dist. 1989) writ denied.

Most importantly, the Turnover Statute can never be used to pre-empt the jurisdiction of a sister court with dominant jurisdiction. <u>Republic Ins. v. Millar</u> 525 SW2d 780 (Houston 14th Dist. 1992).

# **CONCLUSION**

Acquiring a comfortable understanding of the law is a difficult task. The law consists of 10 main headings, 500 topics and in excess of 80,000 subtopics. Law school exposes us to only 40 courses. In addition, the law is an expanding, evolving, organic thing so civil law changes every Monday and criminal law every Friday. Moreover, there is sustentative and procedural law at the state and federal level to say nothing of the labyrinthian morass of administrative law coexisting in there own state and federal spheres that are likewise changing.

As difficult as this task is, it becomes impossible without seasoned professionals steeped in its rules who after a period of practice elect to instruct students. Absent such guidance and their compass, it becomes a mass of contradictions wherein rules are befuddled by so many exceptions that nothing of an affirmative nature seems to be said.

People untrained in the law can have things <u>explained</u>, but that does not guarantee <u>understanding</u>. The more one reflects on legal questions the more ramifications they present. This has been no more than a partial reconnaissance. Nor has their applicability to a specific set of facts been

addressed. The lack of legal training and its consequence has been amply demonstrate by the appellant.

## **PRAYER**

For the reasons stated, Appellee asks that the requested relief be denied. Appellee further asks hat this Court consider an award of damages for the filing of a frivolous appeal under the authority of TRAP rule 62 and Hennigan v. Hennigan, 677 SW2d 495, 496 (TX 1984).

# Thirteenth Court of Appeals



JOHNNY PARTAIN,

*Appellant*

v.

ESTATE OF JAMES HAROLD MAPLES

*Appellee*

CERTIFICATE OF COMPLIANCE

I, William J. McCarthy, Attorney at Law, hereby certify that this *Appellee's Brief* has a word count of <u>3048</u> words within conformance of trap 9.4(i)(1).

# Thirteenth Court of Appeals

———◆———

JOHNNY PARTAIN,

*Appellant*

v.

ESTATE OF JAMES HAROLD MAPLES

*Appellee*

———◆———

CERTIFICATE OF SERVICE

I, William J. McCarthy, Attorney at Law, hereby certify that I have caused to be delivered a true and correct copy of the *Appellee's Brief* on or before the 17th day of February, 2015 via email to: Johnny and Theresa Partain, through Johnny Partain, Pro Se Litigant, 7020 N. 16th Street, McAllen, Texas 78504; partain@atlastechnologies.biz .

Note: (Misrepresentations have been made concerning Appellant's e-mail address. Sometimes that address has been deliberately stated by Johnny

Partain to adverse counsel as partain@atlastechnologies.diz . Appellant has

dodged service prior to this proceeding.)

William J. McCarthy, Attorney at Law

Texas Bar # 13372500

124 S. 12th, Edinburg, Texas 78539

Phone: 956.383.5654

Fax: 956.381.0002

Email: mccarthy.625@gmail.com