## ANDERSON et al. v. HIDALGO COUNTY WATER IMPROVEMENT DIST. NUMBER SIX.

No. 12449.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 3, 1952.

Rehearing Denied Oct. 1, 1952.

762

W. G. Perkin, Hall, Rawlins & Hall, Ralph T. Rawlins, B. R. Stewart, Kelley, Looney, McLean & Littleton, Jackson Littleton, Ned A. Whitt, Edinburg, for appellant.

Smith & Hubbard, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from an order granting a temporary injunction to appellee, Hidalgo County Water Improvement District Number Six, against R. Lee Anderson, J. W. Wallace and others, restraining them from pumping water out of certain drainage ditches. Appellee asserted the exclusive right to the use of the water in such drainage ditches.

Originally some twelve separate suits were filed against different defendants, but upon motion ten of such suits were consolidated and the temporary injunction was issued in the consolidated cause. R. Lee Anderson and J. W. Wallace alone have prosecuted this appeal.

Appellee filed a verified petition seeking the issuance of the temporary injunction on April 29, 1952. The matter was set down for a hearing on May 6, 1952, and notices ordered issued to the defendants. A hearing was begun on May 6, 1952, and adjourned until May 7th, at which time the temporary injunction was ordered issued.

The defendants filed various answers, among which were "pleas to the jurisdiction," "pleas of abatement," "special exceptions," "general denial" and "special answer." The trial court heard the matter on the pleadings alone and both sides were denied the right to offer evidence. The order of the court makes this plain.

The order of the court first recites the overruling of defendants' pleas to the jurisdiction, pleas of abatement, special exceptions, motion to dismiss and quash citation on temporary injunction, and defendants' exceptions to such rulings, and then reads as follows:

"And thereupon, there came on for consideration before the Court the question of the granting or refusing of the plaintiff's application for a temporary injunction against the defendants in this cause, and the parties announced to the Court that it would probably take two or more days to present the evidence on such hearing; and the Court, having read and considered the respective pleadings of the parties, and being of the opinion that the plaintiff's verified petition in this cause shows grounds for the granting of a temporary injunction, and the Court being of the opinion that the nature of the matters raised by the pleadings of the defendants is not such as to justify or require the Court at this time to hear evidence in connection with such matters so raised by the defendants' pleadings, and that such pleadings of the defendants do not affirmatively show any affirmative right or equity in any of such defendants upon which the Court should receive evidence, from the standpoint of any probable injury to the defendants by the granting of such temporary injunction, it was the opinion of the Court that the question of the granting or refusing of the temporary injunction sought by the plaintiff herein should be determined from the pleadings of the respective parties on file herein, with-

out the necessity of the hearing or introduction of evidence, and the Court accordingly announced and ruled, and here holds, that it is not necessary at this time to hear evidence in connection with this proceeding,—and to which action of the Court the defendants then and there in open court each duly excepted.

"And the Court having considered the pleadings on file in this proceeding, including the affidavits attached to those pleadings, which are verified, and having heard the argument of counsel, and it appearing to the Court that the plaintiff is entitled to the temporary injunction as herein granted, same being within its allegations and prayer, in that the plaintiff is being deprived of waters for the irrigation of lands within its boundaries, and is unable to furnish to the water users within its district waters of which such users are in immediate need for the planting and growing of crops, through the action of the defendants, and unless the defendants herein be restrained and enjoined, said plaintiff will be deprived of the waters being taken and diverted by said defendants, and its users probably will be unable to plant crops or will probably lose crops already planted: It is accordingly ordered, adjudged and decreed that the Clerk of this Court issue a temporary writ of injunction pending the final hearing and determination of this cause, restraining the respective defendants as set forth below, to-wit:"

It is plain from the reading of the court's order granting the temporary injunction that the court refused either party the right to introduce evidence and that the appellants excepted to such action.

Appellants' third point is as follows:

"The District Court erred in granting temporary injunction solely on the basis of the pleadings and refusing to hear any evidence whatever for the reason that not only did the pleadings of the Appellants present factual matters which should have been heard,

but also the Appellants under a show cause order were entitled to present their defenses even without the filing of pleadings."

Rule 680, Texas Rules of Civil Procedure, provides in effect that a temporary restraining order may be granted without notice to the adverse party, if it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to applicant before notice can be served and a hearing had thereon.

■ Rule 681, T.R.C.P., provides: "No temporary injunction shall be issued without notice to the adverse party." This rule is taken from Federal Rules of Civil Procedure, Rule 65(a), 28 U.S.C.A. We find no Texas case construing this rule, but we do find a federal case in point. In Sims v. Greene, 3 Cir., 161 F.2d 87, 88, the Court said:

"The issuance of a preliminary injunction under such circumstances is contrary not only to the Rules of Civil Procedure but also to the spirit which imbues our judicial tribunals prohibiting decision without hearing. Rule 65(a) provides that no preliminary injunction shall be issued without notice to the adverse party. Notice implies an opportunity to be heard. Hearing requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy. * * *

"Since Greene was not given the opportunity to present evidence on his behalf (and of course was not afforded the opportunity to argue it), the preliminary injunction should be set aside even if there were no other ground for doing so."

We see no reason why our Rule No. 681 should not be given the same construction as the Federal Courts have given Federal Rule 65(a), from which our rule is taken.

■ The only reason given by the trial judge for not hearing evidence was that it would take two or more days. This is no

reason for violating what we have construed to be the requirements of Rule 681, supra.

For the error pointed out the order granting the temporary injunction will be reversed and the proceeding remanded to the trial court.