**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**Ann Winter McKINNEY, Appellee.**

No. 3556.

Court of Civil Appeals of Texas.

Waco.

July 10, 1958.

Will Wilson, Atty. Gen., John Reeves, Asst. Atty. Gen., for appellant.

J. A. Collier, A. H. Krichamer, Houston, for appellee.

TIREY, Justice.

This is an appeal from a temporary injunction wherein the Texas State Board of Medical Examiners is temporarily restrained from enforcing its order revoking the license of Dr. Ann Winter McKinney from practicing medicine in this State.

The decree recites: "The Court, having heard the pleadings and evidence and argument of counsel for both plaintiff and defendant, is of the opinion that said injunction should be granted." The statement of facts contains the following stipulation: "The hearing on Application for Temporary Injunction was had on the pleadings on file and argument of counsel, and no evidence was offered or introduced by either party in said cause." The stipulation is also approved by the presiding judge. Appellee has not filed a brief.

■ The appellant has assailed the decree on what it designates as four points. They are substantially that the court erred (1 and 2) in granting a temporary injunction for the reason that no facts were alleged by appellee on which to base an appeal from the order of the Texas State Board of Medical Examiners cancelling the license of appellee to practice medicine in this State; and (3 and 4) in granting a temporary injunction for the reason that no material issue of fact was tendered by the pleadings and by reason thereof no bona fide controversy was tendered to the court to decide.

We sustain the foregoing contentions for reasons which we shall hereinafter briefly state.

Plaintiff went to trial on her original petition. We quote the pertinent parts of her pleadings:

"I. At all times pertinent hereto plaintiff has been duly and legally licensed to practice osteopathy and/or medicine and surgery in the State of Texas; that prior to the 25th day of June, 1957, plaintiff was issued a notice by the Texas State Board of Medical Examiners to appear at the Texas Hotel in Fort Worth, Texas, on the 25th day of June, 1957, and show cause, if any she had, why her license to practice osteopathy and/or medicine and surgery should not be revoked; that she was unable to appear at said hearing and said Board issued an order on the 25th day of June, 1957, revoking her license to practice osteopathy and/or medicine and surgery in the State of Texas; and now within 20 days thereafter and in compliance with the law applicable in such cases she files this her petition praying that said order of said Texas State Board of Medical Examiners in all things be set aside and held for naught and likewise praying for a temporary injunction enjoining said Board from enforcing said order.

"II. Your plaintiff shows that a copy of this petition is being sent by registered mail to M. H. Crabb, Secretary, and to Joe Resweber, Esq., Attorney and Agent, for the defendant, and the defendant and its said Attorney-Agent are now advised and informed that your plaintiff will present this petition to the Judge in whose court same is filed for the issuance of an injunction to suspend the operative force of the order above quoted, during the pendency of this action. This petition is being filed on July 15, 1957, and the application for said injunction will be presented on July 22, 1957, or as soon thereafter as Counsel can be heard; but if an earlier or slightly later date will be more convenient to defendants, plaintiff's counsel will be glad to discuss such date.

"For as much, therefore, as your petitioner is without other adequate remedy in the premises, she files and prosecutes this action in the nature of an appeal from the Order above mentioned, under the provisions of the .

1953 Amendment to Article 5506 [Vernon's Ann.Civ.St. art. 4506], in order to remove the stain from the escutcheon of an honorable professional career for more than twenty years enjoyed by your plaintiff, to the end that she may no longer suffer the humiliation, injury and damage caused to her, her family and her professional career and future in her adopted home of Houston, Texas."

Thereafter follows her prayer.

Appellant went to trial on its first amended original answer. We quote the pertinent parts thereof:

"I. Defendant specially excepts to Plaintiff's petition for the reason that no fact or facts are alleged on which to base an appeal from the Order of Defendant revoking and cancelling the license of Plaintiff to practice medicine in this State.

"II. Defendant specially excepts to Plaintiff's original petition for the reason that Plaintiff fails to allege any fact or facts authorizing this Court to grant the relief prayed for by Plaintiff.

"III. Defendant specially excepts to Plaintiff's original petition for the reason that Plaintiff fails to allege any fact or facts that would constitute a justiciable controversy between Plaintiff and Defendant.

"IV. For further answer herein, Defendant alleges that on the 13th day of May, 1957, charges were filed with the Texas State Board of Medical Examiners in writing and under oath; said charges being made by Gwen S. Durrenberger, sworn to and subscribed on the 10th day of May, 1957, stating that Plaintiff had violated the provisions of Article 4505 of the Revised Civil Statutes of Texas, 1925, as amended [Vernon's Ann.Civ.St. art. 4505]; that on the 20th day of May, 1957, the President of the Texas State Board of Medical Examiners, set a time and place for a hearing and caused a copy of the charges, together with a notice of the time and place fixed for hearing to be served on Plaintiff; and on the 31st day of May, 1957, a copy of said charges, together with a notice commanding Plaintiff to appear before the Texas State Board of Medical Examiners at the Texas Hotel, Fort Worth, Texas, on Tuesday, June 25, 1957, at 2:00 P.M. to answer the complaint and charges against Plaintiff by Gwen S. Durrenberger was served on Plaintiff; that although Plaintiff received notice of the hearing as described above, she failed and refused to appear at the hearing; that at the time and place stated in the notice of the hearing, a hearing was had by the Defendant on the complaint and charges against Plaintiff and after a full and complete hearing Defendant found from the evidence adduced at the hearing that Plaintiff had violated the provisions of Article 4505 of the Revised Civil Statutes, 1925, as amended, and entered an order on the 25th day of June, 1957, revoking and cancelling the license of Plaintiff.

"V. Defendant, in revoking and cancelling the license of Plaintiff to practice in this State has complied with the provisions of the Medical Practice Act and Plaintiff has failed to allege any fact or facts which would authorize this Court to enjoin the enforcement of the Order of Defendant."

Then follows its prayer.

Appellant's pleading was duly verified and was not denied by appellee.

Rule 682, Texas Rules of Civil Procedure, provides: "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."

We think the general rule in Texas is to the effect that a complainant seeking injunctive relief must plead affirmatively the necessary facts and not legal conclusions. Such allegations must be direct, certain and particular and must allege a basis for equitable relief. See Rawson v. Brownsboro Ind. School Dist., Tex.Civ. App., 263 S.W.2d 578, at page 581, points 6–8, (n. r. e.).

Going back to the allegations in appellee's petition, it is our view that the only facts that she pleaded are: (1) that appellee received notice of the Texas State Board of Medical Examiners to appear before it and show cause why her license to practice medicine should not be revoked; (2) that she was unable to appear at the hearing; and (3) that appellant issued its order cancelling her license to practice. Such allegations are insufficient to authorize a court of equity to enjoin or restrain an order duly entered by the Texas State Board of Medical Examiners.

It is our view that the pleading of appellee, under the most liberal construction, does not comply with the provisions of Rule 682 aforesaid, nor is it in accord with the rule of the decisions heretofore cited.

Appellant in its first amended original answer, on which it went to trial, in exceptions 1, 2 and 3 specifically pointed out the defects in appellee's original petition, but the trial court proceeded to grant temporary writ without expressly passing upon the foregoing exceptions (See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50) and without hearing any evidence. Surely, the appellant was entitled to tender evidence to support its order on such an important matter here under consideration. In Anderson v. Hidalgo County Water Improvement Dist., Tex.Civ.App., 251 S.W.2d 761 (n. r. e.) the San Antonio court held in effect that if no opportunity to present evidence is afforded, temporary injunction should be set aside. We are in accord with this view. See also Art. 4506, R.C.S.1925, Vernon's Ann.Civ.

St. art. 4506; Texas State Board of Medical Examiners v. Watt, Tex.Civ.App., 287 S.W.2d 559; Burke v. Shafer, Tex.Civ. App., 189 S.W.2d 444, 447; Richter v. Hickman, Tex.Civ.App., 243 S.W.2d 466; Vinson v. City of Winters, Tex.Civ.App., 178 S.W.2d 142, 143; Stolte v. Karren, Tex.Civ.App., 191 S.W. 600, 605, er. ref.; Carleton v. Dierks, Tex.Civ.App., 195 S.W. 2d 834; Huston v. Throckmorton County, Tex.Civ.App., 215 S.W.2d 387.

For the reasons pointed out, the order granting temporary injunction is here dissolved and the judgment of the trial court reversed and the cause remanded to the trial court.

HALE, J., took no part in the consideration or disposition of this case.