**GREAT LAKES ENGINEERING, INC., Appellant,**

v.

**John D. ANDERSEN, Appellee.**

No. 18038.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1981.

Joseph A. Kornfeld, Hiller, Kornfeld & Falik, Houston, for appellant.

James T. Mullins, Mullins, Box & Parish, Houston, for appellee.

Before PEDEN, SMITH and DUGGAN, JJ.

PER CURIAM.

This is an appeal from an order denying a temporary injunction. Appellant, Great Lakes Engineering, Inc., petitioned the court seeking to enforce the non-competition provisions of an employment contract executed by appellee John D. Andersen. Appellant alleges in its fifth point of error that the trial court abused its discretion in refusing to permit it to develop and establish its case in chief. Appellant was permitted to call two witnesses when the trial court interrupted the appellant's case in chief and directed appellee's attorney to place appellee on the stand for direct examination. Appellant desired to call appellee as an adverse witness, but was not permitted to do so by the court. After the first three witnesses testified, the trial court refused to hear further witnesses and terminated the hearing. The court was apprized by both parties that they had witnesses outside the courtroom which they desired to call.

■ A temporary injunction shall not be issued without notice to the adverse party. Texas Rules of Civil Procedure, Rule 681. This implies that the adverse party has a right to an adequate hearing. *City of Austin v. Texas Public Emp. Ass'n.*, 528 S.W.2d 637 (Tex.Civ.App.—Austin 1973, no writ). The trial court is not authorized to enter an order of temporary injunction against a party before that party has had an opportunity to present its defenses and has rested its case. In the *City of Austin* case, the trial court refused to allow appellant to bring in its witnesses, who were waiting outside, and this was held to be error.

The determination of the issues before a trial court should be made only after the parties have had an opportunity to offer testimony or other evidence. *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex.Civ.App. —Tyler 1968, no writ).

In *Anderson v. Hidalgo County Water Improvements*, 251 S.W.2d 761 (Tex.Civ. App.—San Antonio 1952, writ ref'd n. r. e.), the trial court refused to allow either party the right to introduce evidence and only considered the pleadings, affidavits and arguments of counsel. The trial court stated that the only reason for not hearing evidence was that it would take two or more days to hear the temporary injunction evidence. The appellate court held that this was no reason for violating Rule 681, which provides an opportunity to be heard.

The parties to a temporary injunction hearing must be provided an opportunity to be heard. *City of Houston v. Houston Light & Power Co.*, 530 S.W.2d 866 (Tex. Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.), *Oertel v. Gulf States Abrasive Manufacturing, Inc.*, 429 S.W.2d 623 (Tex. Civ.App.—Houston [1st Dist.] 1968, no writ), *Texas State Board of Medical Examiners v. McKinney*, 315 S.W.2d 387 (Tex.Civ. App.—Waco 1958, no writ).

We can find nothing in the Texas Rules of Civil Procedure which would permit a trial court to deviate from the standard rules of procedure in presenting evidence in a temporary injunction proceeding. The Texas Supreme Court has indicated in *Millwrights Loc. Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 687 (Tex.1968) that the hearing of a temporary injunction will follow the standard rules of evidence.

In this instance, the trial court terminated the hearing prior to appellant resting or appellee presenting his defense, and neither party was permitted to make a bill of exceptions to show what their additional evidence would have been. Under these circumstances we hold that it is not necessary that the record reflect what the evidence may have been from appellant's witness' who were not permitted to testify.

We sustain the appellant's fifth point of error, and hold that the trial court abused its discretion in not allowing the appellant to fully develop its evidence.

In view of our disposition of this appeal, appellant's other points of error will not be discussed. The judgment of the trial court is reversed and this cause is remanded with instructions to the trial court to permit the parties to fully develop their evidence in accordance with Rules 262, 265 and 681, Tex.R.Civ.P. Costs of appeal are charged to the appellees.