**KRAMER TRADING CORP. OF TEXAS, Appellant,**

v.

**Karl LYONS, Appellee.**

**No. 01–87–00449–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 22, 1987.

Scott R. Sommers, F. John Wagner, Jr., Walsh, Squires & Tompkins, Houston, for appellant.

Edwin I. McKellar, Jr., Houston, for appellee.

Before JACK SMITH, LEVY and HOYT, JJ.

OPINION

HOYT, Justice.

This is an accelerated appeal from the granting of a temporary injunction in favor of Karl Lyons against Kramer Trading Corp. of Texas ("Kramer").

Lyons petitioned the trial court seeking to prevent Kramer, Bayou City Metals, Inc. ("Bayou City"), and Bayou City's president, Barry Kalmin, from disposing of certain metals that Lyons claimed that he owned pursuant to an agreement with Bayou City. Lyons purchased 2,000,000 pounds of metal from Bayou City that remained on Bayou City's yard. Allegedly, Bayou City then sold between 700 and 1,000 gross tons of Lyons' metal to Kramer. The trial court

granted Lyons a temporary injunction enjoining Kramer, Bayou City, and Kalmin from disposing of the property until a final hearing could be had, and set bond at $100. It is from this order that Kramer appeals.

In five points of error, Kramer contends that the trial court abused its discretion in granting the temporary injunction because Kramer had no opportunity to cross-examine Lyons' witnesses and because Lyons presented no evidence of a probable right of recovery, probable injury, irreparable harm, or a lack of an adequate remedy at law. Moreover, Kramer contends that, even if the injunction was proper, the court abused its discretion in fixing an "unreasonably insufficient amount for bond."

We conclude that the trial court did, in fact, abuse its discretion in granting a temporary injunction, and that this determination makes it unnecessary for this Court to address the adequacy of the bond set.

The record reflects that after the witnesses were sworn, Lyons called Kalmin to testify as an adverse witness. During the course of Kalmin's direct examination, Judge Marsha Anthony intervened and began to question the witness. Thereafter, the following exchange took place:

*The Court:* Well, okay.
This hearing is overwith. The temporary injunction is granted.

*Mr. McKellar:* Thank you, your honor.

*Mr. Gower:* Your Honor—

*Mr. Sommers:* Your Honor, I—I don't wish to cast dispersion on Mr. Kalmin. But my client—

*The Court:* I don't need to hear anymore. He has taken this man's property—

*Mr. Sommers:* Yes.

*The Court:* And, he has used it to pay his back taxes, and he's not telling him about it. And, I don't like it. This hearing is overwith. I don't need to hear anything else. The temporary restraining order is, now, made into a temporary injunction. And, I want it brought to me by this afternoon, and in writing.

*Mr. Sommers:* Your Honor, I—may I . . .

*The Court:* And, the bond is transferred over to it.

*Mr. Sommers:* May I object, and simply because my client legally has all of the right to the good that are in his possession, and under the Uniform Commercial Code. The goods were entrusted by Mr. Lyons to Mr. Kalmin and, Mr.—

*The Court:* And, "entrusted" is the word.

*Mr. Sommers:* Yes ma'am.

*The Court:* And, he has violated that trust.

*Mr. Sommers:* But, under the Uniformed [sic] Commercial Code, Your Honor—

*The Court:* I don't need to hear anything else. And, you can bring that up on the trial of the merits, and on June 22nd, and when I set this on the trial of the merits.

\*     \*     \*     \*     \*     \*

*The Court:* How much is the bond?

*Mr. Sommers:* It is only a hundred dollars right now.

\*     \*     \*     \*     \*     \*

*The Court:* All right. It remains one hundred dollars.

*Mr. Sommers:* Your Honor, the value of the goods is—

*The Court:* It remains one hundred dollars.

*Mr. Sommers:* May we object for the record, Your Honor?

*The Court:* Would you like to be held in contempt?

*Mr. Sommers:* No, Your Honor.

*The Court:* That would be a comment on the ruling of the Court, and to argue with the court.

*Mr. Sommers:* Your Honor—

*The Court:* And, I'm not going to allow anymore of that kind of shenanigans from attorneys.

*Mr. Sommers:* Very well.

*The Court:* And, when I rule, if you don't like it, you can put it in the appellate brief.

\*     \*     \*     \*     \*     \*

■ No temporary injunction can be issued without notice to the adverse party and an opportunity to be heard. *City of Austin v. Texas Public Employees Ass'n*, 528 S.W.2d 637, 640 (Tex.Civ.App.—Austin 1975, no writ); *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex.Civ.App.—Tyler 1968, no writ). The trial court is *not* authorized to enter an order of temporary injunction against a party before that party has had an opportunity to present its defenses and has rested its case. *Great Lakes Eng'g, Inc. v. Andersen*, 627 S.W.2d 436 (Tex.App.—Houston [1st Dist.] 1981, no writ) (per curiam).

■ Lyons argues that Kramer did not file its answer prior to the hearing date; therefore, "they waived or forfeited that right [the right to be heard] by their failure to file such an answer." We disagree. The underlying basis for enactment of Tex.R.Civ.P. 681 was the recognition of an individual's fundamental right to due process of law. Tex. Const. art. 1, § 19. Due process of law applies to the method of making a judicial decision as well as to protection of procedural and substantive rights. *See State ex rel. Merriman v. Ball*, 116 Tex. 527, 296 S.W. 1085 (1927). Indeed, the protections granted by rule 681 are mere recitations and "tale-telling" without a proper judicial examination of every issue in accordance with the law. Without a hearing, that examination cannot be had. Judicial curtailment of a constitutional right or freedom cannot be justified in the name of efficiency or by the erroneous notion that the resultant benefit will be judicial economy. Moreover, the Code of Judicial Conduct mandates that a judge be patient and courteous to the litigants and lawyers, and "accord to every person who is legally interested in a proceeding, ... full right to be heard according to law...." Texas Supreme Court, Code of Judicial Conduct, Canons 3 A(3), (4) (1980).

In the instant case, the trial court terminated the hearing before Lyons rested his case and before Kramer presented its defense. Counsel for Kramer objected, but was rebuked by a trial judge who refused to hear any further evidence.

■ The trial court clearly abused its discretion in the abrupt, capricious manner in which it disposed of this case. Kramer's first point of error is sustained. In view of our disposition of point of error one, we need not address the remaining points.

The order of the trial court is vacated, and the case is remanded to the trial court with instructions to permit the parties to fully develop their evidence in accordance with applicable rules of procedure, giving due deference to the basic constitutional right of the parties to be heard.