**Opinion issued November 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00762-CV

————————————

**DARRELL BUCHANAN, CANON HOUSE BUILDERS, LLC, VIGOR TESTOSTERONE AND WEIGHT LOSS, PLLC, JOHN LEONDIKE, LALA RODRIGUEZ, KASSANDRA CANALES, Appellants**

**V.**

**ANDRODERM X, LLC, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CV-2203**

---

## MEMORANDUM OPINION

This interlocutory appeal arises from a suit brought by Androderm X, LLC, seeking injunctive relief against (1) a business competitor, (2) the competitor's alleged principal, and (3) Androderm's former employees who went to work for the competitor. The six defendants sued by Androderm—(1) Darrell Buchanan, (2) Canon House Builders, LLC, (3) Vigor Testosterone and Weight Loss, LLC,

(4) John Leondike, (5) Lala Rodriguez, and (6) Kassandra Canales—now appeal the original temporary injunction order and the amended temporary injunction order issued in Androderm's favor. They also appeal the trial court's oral denial of a motion to dissolve a temporary restraining order and the temporary injunction. They present three appellate issues.

We conclude that we cannot address the first two appellate issues challenging the denial of the motion to dissolve and the temporary injunction order itself. We lack jurisdiction to decide an appeal (1) from the denial of a motion to dissolve a temporary restraining order and (2) from an oral denial of a motion to dissolve. Thus, we dismiss the appeal from the denial of the motion to dissolve. We do not consider the challenges to the temporary injunction order because they became moot when the trial court issued the amended temporary injunction order. As to the amended order, we dismiss the appeal in part, reverse in part and remand, and dissolve the remainder of the order.

## Background

In September 2022, Androderm and AndroGenX LLC signed an asset purchase agreement whereby Androderm purchased AndroGenX's "testosterone replacement business." Darrell Buchanan signed the agreement on behalf of AndroGenX as its principal.

The asset purchase agreement contained a non-compete clause. The parties agreed that Buchanan, for a period of two years, would not "become interested in . . . a testosterone replacement business" within a 10-mile radius of the business Androderm just purchased and would not solicit its current clients.

In November 2023, Androderm sued four defendants: (1) Vigor Testosterone and Weight Loss, PLLC (Vigor); (2) John Leondike; (3) Lala Rodriguez; and (4) Kassandra Canales, alleging violations of the Texas Uniform Trade Secrets Act, civil conspiracy, and tortious interference. Androderm alleged that Leondike, Rodriguez, and Canales were its former employees, who had acquired Androderm's "confidential information" through their employment. Androderm alleged that the former employees went to work for Vigor, "a direct competitor," where they solicited Androderm's clients and used Androderm's "confidential information" to promote Vigor's new business. Androderm claimed this enabled Vigor "to quickly attract and convert a substantial portion of [Androderm's] customer base." Androderm sought damages and injunctive relief.

Nine months later, Androderm amended its petition to add two new defendants: Buchanan and Canon House, a company it alleged "assumed the benefits of the Asset Purchase Agreement." Androderm asserted that Buchanan breached the non-compete clause because he owned and managed Vigor. It also added an application for (1) a temporary restraining order (TRO), (2) a temporary injunction,

3

and (3) a permanent injunction. Androderm claimed that injunctive relief should include "equitable tolling" of the two-year period in the non-compete clause.

The amended petition was verified and supported with attached exhibits, including the asset purchase agreement and text messages between Leondike and Canales. The texts allegedly revealed Buchanan's involvement with Vigor and the former employees' scheme to divert patients to Vigor.

The day after Androderm filed its amended petition, the trial court granted Androderm's request for a TRO. Its general effect was to prohibit Buchanan and the other defendants from operating a competing testosterone clinic. The TRO ordered expedited discovery and set the application for temporary injunction for a hearing six days later.

The day before the temporary injunction hearing (TI hearing), Androderm filed its second amended verified petition and application for temporary and permanent injunctions. The asset purchase agreement and the text messages were attached along with a tax form, identifying Buchanan as Vigor's "director."

None of the defendants appeared at the TI hearing. Buchanan and Canon House were not yet served with the lawsuit or the TRO and had no notice of the hearing. Androderm had emailed the TRO to Vigor, Leondike, and Canales's counsel, but he was seriously ill and did not attend the hearing.

4

During the TI hearing, the trial court judicially noticed, at Androderm's request, the exhibits attached to the second amended petition. To show a violation of the non-compete clause, Androderm called a witness who testified that Vigor was located only four miles from Androderm's business.

The trial court signed an order granting Androderm's application for temporary injunction (TI Order). The order's injunctive relief mirrored that of the TRO. It also required the enjoined parties "to answer all expedited discovery authorized by the [trial court's] prior order"—presumably the TRO. The TI Order did not set a trial date.

A few days later, Buchanan and Canon House appeared, answering the suit. They also filed a motion to dissolve the TRO and the TI Order. They asked the trial court to dissolve the TRO because it lacked an expiration date as required by Rule of Civil Procedure 680. *See* TEX. R. CIV. P. 680. They asked the trial court to dissolve the TI Order because Buchanan and Canon House had not received notice of the TI hearing, which they asserted violated Rule of Civil Procedure 681 and their right to due process. *See* TEX. R. CIV. P. 681.

Buchanan and Canon House also pointed out that Rule of Civil Procedure 683 required the order itself to specify the acts sought to be enjoined, without reference to another document. *See* TEX. R. CIV. P. 683. They asserted that the TI Order violated the rule because it referenced another document by mandating compliance

5

with a prior order's discovery requirements. Later, they added an argument that the TI Order also violated Rule 683 because it lacked a trial date. *See id.*

While the motion to dissolve was pending, Buchanan and Canon House appealed the TI Order to this Court.

In the trial court, Androderm responded to the motion to dissolve and filed a motion to enforce the TI Order. Androderm asked that its motion be set for hearing at the same time as the motion to dissolve.

The trial court heard the motions together. Buchanan and Canon House asserted that the TI Order's failure to comply with Rules 681 and 683 and principles of due process required its dissolution. They offered Buchanan's declaration to support the motion. He attested that neither he nor Canon House received notice of the TI hearing and that neither were served with the lawsuit before the hearing.

Buchanan and Canon House argued that the application for temporary injunction should be set for a new hearing so that both sides—not just Androderm—could present evidence and cross-examine the other side's witnesses. Buchanan and Canon House also pointed out that their co-defendants did not appear at the TI hearing and were not present at the current hearing because their counsel was terminally ill. Buchanan and Canon House's counsel informed the trial court that he had filed a motion to substitute as counsel for the co-defendants.

6

Androderm acknowledged that the TI Order contained "some procedural defects" and offered a proposed amended TI order to correct the defects.

Androderm argued against a new hearing on the TI application, asserting that the motion-to-dissolve hearing provided Buchanan and Canon House with an opportunity to present arguments and evidence opposing the application. Buchanan and Canon House countered that the application was not set for hearing that day and compared the hearing to a "trial by ambush."

The trial court orally denied the motion to dissolve. The court stated that it would "not void[] the prior [TI] order" but would amend it to correct the two complained-of Rule 683 deficiencies.

Five days later, the trial court signed an amended temporary injunction order (Amended TI Order). The Amended TI Order set a trial date and deleted the reference to the trial court's "prior order." Otherwise, it was substantively the same as the TI Order, containing essentially the same injunctive provisions and keeping the same fact findings derived from the evidence admitted at the TI hearing.

All defendants—Buchanan, Canon House, Vigor, Leondike, Rodriguez, and Canales (collectively, Appellants)—appealed the denial of the motion to dissolve and the Amended TI Order.[1]

---

[1] The notice of appeal for the TI Order and the later-filed notice of appeal for the denial of the motion to dissolve and the Amended TI Order were both filed under this appellate cause number.

Appellants raise three appellate issues. They challenge (1) the denial of the motion to dissolve, (2) the TI Order, and (3) the Amended TI Order.

**Denial of Motion to Dissolve**

In their first issue, Appellants ask that we reverse the trial court's denial of the motion to dissolve and render judgment dissolving the TRO and the TI Order. We begin by addressing whether we have jurisdiction to address the denial of the motion.

Section 51.014(a)(4) of the Civil Practice and Remedies Code permits an appeal from an order granting a temporary injunction and from an order denying a motion to dissolve a temporary injunction, but it does not permit an appeal from an order denying a motion to dissolve a TRO. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4); *Lindsey v. State*, No. 01-20-00373-CV, 2021 WL 3868310, at *4 (Tex. App.—Houston [1st Dist.] Aug. 31, 2021, no pet.) (mem. op.). Accordingly, we lack jurisdiction to address Androderm's challenge to the denial of the motion to dissolve the TRO. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4); *Lindsey*, 2021 WL 3868310, at *4.

We also lack jurisdiction over the denial of the motion to dissolve generally because the trial court orally denied the motion and did not sign a written order as required to appeal an interlocutory order under section 51.014(a). *See* TEX. R. APP. P. 26.1(b); *Casillas v. M & S Concrete,* No. 01-19-00145-CV, 2020 WL 2026367, at *4–5. (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.). Thus,

8

we lack jurisdiction to review the denial of the motion to dissolve the TI Order as well. *See* TEX. R. APP. P. 26.1(b); *Casillas*, 2020 WL 2026367, at \*4–5. Accordingly, because an interlocutory appeal is not authorized from the oral denial of a motion to dissolve (or the denial of a motion to dissolve a TRO), we dismiss for lack of jurisdiction the portion of the appeal challenging the denial of the motion to dissolve. *See Casillas*, 2020 WL 2026367, at \*5; *see also Nagata v. MHWirth Inc.*, No. 01-21-00492-CV, 2023 WL 2414880, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 9, 2023, pet. denied) (mem. op.) (dismissing unauthorized portion of interlocutory appeal).

### TI Order

Appellant's second issue also challenges the TI Order itself. When this appeal was filed, we had jurisdiction to address the TI Order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). But, while the appeal was pending, the trial court signed the Amended TI Order, which was substantively the same as the TI Order except that it corrected the procedural deficiencies complained of in the motion to dissolve. The Amended TI Order did not indicate that the TI Order was still in effect, nor did it indicate that it was a supplement to the original order. Instead, it was a standalone, complete temporary injunction, covering the same subject matter as the original order. As a result, the Amended TI Order superseded the TI Order, effectively vacating and dissolving it. *See Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 68–

9

89 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that modified temporary injunction, which did not expressly vacate previous temporary injunction, "implicitly" superseded and vacated earlier injunction); *see also Se. Tex. Veterinary Clinics, PLLC v. Wilcox*, No. 09-21-00083-CV, 2022 WL 3267918, at *5 (Tex. App.—Beaumont Aug. 11, 2022, no pet.) (mem. op.) (explaining that order modifying temporary injunction is equivalent to order dissolving temporary injunction and granting new one).

The effective vacatur of the TI Order renders it no longer possible for this Court to provide the relief that Appellants seek from that order. Thus, Appellants' challenges in their second issue seeking reversal of the TI Order are moot, and we cannot address them.[2] *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) ("Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests." (citation modified)); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies.").

As required by Rule of Appellate Procedure 27.3, we treat this appeal as from the Amended TI Order. *See* TEX. R. APP. P. 27.3 (providing that, if trial court vacates appealed order and replaces it with another appealable order, appellate court "must

---

[2] We note that, even if we had a written order denying the motion to dissolve, the effective vacatur of the TI Order would have rendered the appeal of the denial of the motion to dissolve that order moot.

10

treat the appeal as from the subsequent order"); *Hipps v. CBRE, Inc.*, No. 05-24-00056-CV, 2024 WL 3823233, at *3 (Tex. App.—Dallas Aug. 15, 2024, no pet.) (mem. op.) (treating appeal as from temporary injunction that replaced vacated temporary injunction).

**Amended TI Order**

Appellants challenge the Amended TI Order in their third issue. We begin by determining whether we have jurisdiction to review the merits of their arguments.

## A.    Mootness

The Amended TI Order contains five injunctive provisions. The second and third injunctive provisions require that:

> (2)    Until January 31, 2025, Defendant Buchanan, and anyone working in concert with same which includes all other Defendants, is and are prohibited from directly or indirectly soliciting, accepting, or seeking to obtain any business competitive with that of [Androderm] from any customers that they had contact with during their employment at the clinic located at Androderm's location;
>
> (3)    Until January 31, 2025, Defendants are prohibited from using or divulging any confidential information they obtained from Defendant.

"When a temporary injunction expires and thus no longer exists, an appeal challenging the validity of the order becomes moot." *McGill Fin. Ltd. v. McGill*, No. 01-24-00101-CV, 2025 WL 84144, at *1 (Tex. App.—Houston [1st Dist.] Jan. 14, 2025, no pet.); *see Jones*, 1 S.W.3d at 86. Here, the second and third provisions

11

expired by their own terms on January 31, 2025. Thus, the controversy over the validity of those provisions is moot, and we lack jurisdiction to review them. *See Jones*, 1 S.W.3d at 86; *Harper*, 562 S.W.3d at 6; *see also McGill Fin.*, 2025 WL 84144, at *2 (holding appeal of temporary injunction became moot when temporary injunction expired by its own terms); *Wimbrey v. Worldventures Mktg., LLC*, No. 05-19-01520-CV, 2020 WL 7396007 at *4 (Tex. App.—Dallas Dec. 17, 2020, no pet.) (mem. op.) (declining to address validity of first of three injunctive provisions because dispute over first injunctive provision became moot with passage of time).

## B.     Compliance with Rule 683

"[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012); *see, e.g.*, *Tatum v. Wells Fargo Home Mortg., Inc.*, No. 01-13-00855-CV, 2014 WL 7474074, at *12 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.) (holding that, because temporary injunction order was void for non-compliance with Rule 683, court lacked jurisdiction to reach merits-based arguments challenging order).

The requirements of Rule of Civil Procedure 683 are mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d

640, 641 (Tex. 1986). A temporary injunction that does not strictly comply with the mandates of Rule 683 is subject to being declared void and dissolved. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). Appellate courts "may sua sponte declare a temporary injunction order void if it does not comply with Rule 683." *Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 370 n.8 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *accord Good Shepherd Hosp., Inc. v. Select Specialty Hosp.–Longview, Inc.*, 563 S.W.3d 923, 928 (Tex. App.— Texarkana 2018, no pet.); *Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.*, 718 S.W.2d 821, 822 (Tex. App.—Houston [14th Dist.] 1986, no writ).[3]

In relevant part, Rule 683 requires:

> Every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . .

TEX. R. CIV. P. 683.

"The purpose of [Rule 683] is to adequately inform the enjoined party of what he is enjoined from doing and the reason why he is enjoined." *Wright v. Liming*, No.

---

[3] Other courts of appeals agree that an order can be declared void for non-compliance with Rule 683 even though the issue was not raised on appeal. *See, e.g.*, *In re La Joya Indep. Sch. Dist.*, No. 13-25-00388-CV, 2025 WL 2435928, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2025, orig. proceeding) (mem. op.); *In re Brookshire*, No. 12-23-00172-CV, 2023 WL 4681174, at *3 (Tex. App.—Tyler July 21, 2023, orig. proceeding) (mem. op.); *City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.); *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.); *Permian Chem. Co. v. State*, 746 S.W.2d 873, 874 (Tex. App.—El Paso 1988, writ dism'd).

01-19-00060-CV, 2019 WL 3418516, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.). The order itself should notify all enjoined parties "unambiguously and with a reasonable degree of specificity, of the conduct to be restrained." *In re Luther*, 620 S.W.3d 715, 723 (Tex. 2021) (orig. proceeding). "Restrained parties should be able to pick up a temporary injunction order, read it, understand it, and not have to guess about what they are prohibited from doing upon threat of contempt." *Clark*, 651 S.W.3d at 372. To this end, "an injunction decree must be as definite, clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." *Lasser v. Amistco Separation Products, Inc.*, No. 01-13-00690-CV, 2014 WL 527539, at *5 (Tex. App.—Houston [1st Dist.] Feb. 6, 2014, no pet.) (mem. op.) (citation modified); *see Gilbreath v. Horan*, 682 S.W.3d 454, 543 (Tex. App.—Houston [1st Dist.] 2023, pet. denied).

Here, the remaining three injunctive provisions provide that:

(1)     Due to persistent and continuous violations of the non-compete, until the time of the Court's trial Defendant Buchannan [sic] and anyone working in concert with same which includes all other Defendants is prohibited from owning, operating, or working in concert with any other Defendant to own or operate a testosterone clinic within 10 miles of [Androderm's] clinic;

. . . .

14

(4)    The Defendants shall return any of [Androderm's] confidential information to [Androderm's] attorney. . . [;]

(5)    The Defendants shall not delete or destroy any data related to the business of Defendant Vigor.

We examine these provisions to determine whether they comply with Rule 683's requirements or whether they are void. *See Qwest Commc'ns*, 24 S.W.3d at 337; *Clark*, 651 S.W.3d at 370 n.8.

### 1.    *The Non-Compete Provision*

The TI Order contains fact findings offering "the reasons for" the issuance of the injunctive relief. *See* TEX. R. CIV. P. 683. The fact findings precede the injunctive provisions in the order.

The findings identify Vigor, Leondike, Buchanan, and Canales collectively as "the 'Enjoined Defendants.'" The trial court described the "Enjoined Defendants'" conduct necessitating the injunctive relief. The court made no findings mentioning Rodriguez or Canon House and provided no reason for issuing injunctive relief against them.

Nonetheless, in the first injunctive provision, the trial court ordered that "Defendant Buchannan [sic] and anyone working in concert with same which includes *all other Defendants* is prohibited from owning, operating, or working in concert with *any other Defendant* to own or operate a testosterone clinic within 10 miles of [Androderm's] clinic." (Emphasis added.) Reading all parts of the order

15

together, an ambiguity arises regarding who, besides Buchanan, is subject to the injunction. Are Rodriguez and Canon House subject to the first provision, even though they are not mentioned in any fact finding or defined as "Enjoined Defendants," or were they intended to be excluded? The order's context makes it unclear.

The first provision's language also presents an ambiguity regarding what conduct of "all other Defendants" is enjoined. Are "all other Defendants" enjoined from owning, operating, or working for a testosterone clinic only when they act in concert with Buchanan? Or does the provision enjoin "all other Defendants" from owning, operating, or working for a testosterone clinic even if they are not acting in concert with Buchanan but are acting alone or in concert with the other defendants? And, if so, do the other defendants include Rodriguez and Canon House? As written, various interpretations are plausible.

In short, the ambiguities in the first provision make it unclear who, aside from Buchanan, is prohibited from doing what with whom. "[A]ll other Defendants" cannot "pick up [the Amended TI Order], read it, understand it, and not have to guess about what they are prohibited from doing upon threat of contempt." *See Clark*, 651 S.W.3d at 372. The first injunctive provision does not notify "all other Defendants" "unambiguously and with a reasonable degree of specificity, of the conduct to be restrained." *See Luther*, 620 S.W.3d at 723. Instead, it requires "inferences or

16

conclusions about which persons might well differ." *See Lasser*, 2014 WL 527539, at *5.

For these reasons, we conclude that the first injunctive provision violates Rule 683's specificity requirement as to all parties except for Buchanan. *See* TEX. R. CIV. P. 683. Thus, it is void as to those parties. *See Qwest*, 24 S.W.3d at 337.

### 2. The Confidential-Information and Data-Retention Provisions

The fourth and fifth injunctive provisions require the enjoined parties to return Androderm's "confidential information" and "not to delete or destroy any data related to the business of Defendant Vigor." The Amended TI Order neither defines nor indicates from its context the meaning of "confidential information" or "data"— two inherently broad terms.

Rule 683 requires that an injunction be as "definite, clear and precise as possible." *Gilbreath*, 682 S.W.3d at 543. By failing to define what constitutes Androderm's "confidential information" or Vigor's "data," the fourth and fifth provisions compel the enjoined parties to make "inferences or conclusions about which persons might well differ" regarding what constitutes "confidential information" and "data." *See Lasser*, 2014 WL 527539, at *5; *Ramirez v. Ignite Holdings, Ltd.*, No. 05-12-01024-CV, 2013 WL 4568365, at *3–4 (Tex. App.—Dallas Aug. 26, 2013, no pet.) (mem. op.).

We conclude that the provisions lack the clarity necessary to provide the enjoined parties with adequate notice of what acts they are compelled to do or not do and fail to meet Rule 683's specificity requirement. *See Lasser*, 2014 WL 527539 at *5 (holding that injunctive provisions lacked required specificity because term "confidential information" not defined); *Ramirez*, 2013 WL 4568365, at *5 (holding that injunctive provision prohibiting destruction of materials relating in any way to "the subject matter of this Order'" was not sufficiently specific). We hold that the fourth and fifth injunctive provisions are void.[4] *See Qwest*, 24 S.W.3d at 337; *Lasser*, 2014 WL 527539 at *5; *Ramirez*, 2013 WL 4568365, at *5.

## C.    Rule 681 and Buchanan's Right to Due Process

Because the first injunctive provision is not void as to Buchanan, we address Buchanan's argument in issue three that the Amended TI Order should be reversed because the trial court issued it in violation of Rule 681's notice requirement and his right to due process.[5] Buchanan contends that the trial court erred by granting

---

[4]    Regarding the preservation of Vigor's "data," we note that "litigants owe a duty to preserve evidence once they know or reasonably should know that a claim will be filed and that the evidence in their possession or control is potentially relevant to that claim." *Ramirez v. Ignite Holdings, Ltd.*, No. 05-12-01024-CV, 2013 WL 4568365, at *5 (Tex. App.—Dallas Aug. 26, 2013, no pet.) (mem. op.). Here, by the time the trial court signed the Amended TI Order, the enjoined parties already owed Androderm a legal not to destroy potentially relevant evidence. *See id.*

[5]    The other Appellants also attack the Amended TI Order on the basis that they did not receive notice of the TI hearing. But, because we have determined that the Amended TI Order is void as to them under Rule 683, we need not address those arguments.

18

injunctive relief without providing him with an opportunity to present "rebuttal evidence, cross-examine Androderm's witnesses, and present arguments in opposition to the [TI] application." We agree.

Rule 681 provides that "[n]o temporary injunction shall be issued without notice to the adverse party." TEX. R. CIV. P. 681. "[A] lack of notice violates basic principles of due process." *Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019); *see Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) ("Failure to give notice violates the most rudimentary demands of due process of law.") (citation modified)). "The underlying basis for enactment of [Rule] 681 was the recognition of an individual's fundamental right to due process of law." *Kramer Trading Corp. of Tex. v. Lyons*, 740 S.W.2d 522, 524 (Tex. App.—Houston [1st Dist.] 1987, no writ) (citing TEX. CONST. art. 1, § 19). "Due process demands that a party be afforded 'an opportunity to be heard at a meaningful time and in a meaningful manner.'" *Highsmith*, 587 S.W.3d at 778 (quoting *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995)).

Rule 681's notice requirement impliedly requires that an adverse party be provided an opportunity to be heard before the temporary injunction issues. *See Great Lakes Eng'g, Inc. v. Andersen*, 627 S.W.2d 436, 437 (Tex. App.—Houston [1st Dist.] 1981, no writ); *Oertel v. Gulf States Abrasive Mfg., Inc.*, 429 S.W.2d 623, 623 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ). This means that an adverse

19

party must be given "an opportunity to present [his] defenses and . . . rest[] [his] case" before a temporary injunction issues. *Kramer Trading*, 740 S.W.2d at 524; *see Oertel*, 429 S.W.2d at 623 ("Notice implies an opportunity to be heard. Hearing requires trial of an issue or issues of fact. Trial of an issue of fact necessitates opportunity to present evidence and not by only one side to the controversy." (citation modified)).

Here, the record shows that only Androderm attended the hearing on the application for temporary injunction. Buchanan had not yet been served with the lawsuit and was not sent notice of the hearing.[6]

At the hearing, the trial court judicially noticed the exhibits attached to Androderm's live pleading. These included the asset purchase agreement, text messages purportedly linking Buchanan to Vigor, and a tax form listing him as Vigor's director. To show that the non-compete clause was violated, Androderm's witness testified that Vigor was located less than 10 miles from Androderm. After

---

[6] To the extent that Androderm argued at the TI hearing that Buchanan received notice of the hearing because he was Vigor's principal, we reject that argument. Androderm asserted that Vigor had notice of the TI hearing because the TRO was emailed to its attorney. However, Buchanan was not represented by Vigor's attorney. *See Gerjets v. Davila*, 116 S.W.3d 864, 869 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (rejecting argument that corporation's principal was given notice of injunction hearing because corporation's attorney received notice). Nothing in the record otherwise shows that Buchanan received notice of the TI hearing through Vigor.

20

hearing the evidence, the trial court signed the TI Order, granting Androderm's application.

Buchanan moved to dissolve the TI Order, arguing that its issuance violated Rule 681's notice requirement and deprived him of due process because he did not have an opportunity to be heard on the application. He asked the trial court to dissolve the temporary injunction and to set a new hearing on the application to provide him with an opportunity to present his defenses and offer argument about the application's "substantive deficiencies." He attached his declaration attesting that he was not notified of the TI hearing.

After hearing the motion to dissolve, the trial court signed the Amended TI Order, which contains the same fact findings and orders the same injunctive relief as the TI Order. Both orders indicate that the fact findings support the injunctive relief. And both orders state that Androderm's "verified evidence" supports those findings. The record shows that Androderm offered "verified evidence" only at the TI hearing—a hearing for which Buchanan was entitled to notice but received none.

Androderm suggests that the motion-to-dissolve hearing provided Buchanan with an opportunity to cure whatever harm resulted from the lack of notice because he could have presented his arguments and evidence opposing the application at that hearing. Androderm intimates that, by failing to present his evidence opposing the application at that hearing, he waived his lack-of-notice complaints. We disagree.

21

"[T]he remedy for a denial of due process is due process." *Mosley v. Tex. Health & Human Services Comm'n*, 593 S.W.3d 250, 268 (Tex. 2019) (quoting *Than*, 901 S.W.2d at 933). Because Buchanan had a right to be heard at the TI hearing, the motion-to-dissolve hearing was not a cure for the notice violations. *See Highsmith*, 587 S.W.3d at 778 (holding that appellant's challenge to judgment's enforceability in post-judgment motions did not cure due-process violation because appellant was "entitled to the opportunity to be heard at the initial hearing" for which she received no notice); *see also Armstrong v. Manzo*, 380 U.S. 545, 550–52 (1965) (rejecting argument that "whatever constitutional infirmity resulted from the failure to give the petitioner notice had been cured by the hearing subsequently afforded to him").

Moreover, because the TI Order was still in effect when the motion-to-dissolve hearing was held, Buchanan had no reason to anticipate a new evidentiary hearing on Androderm's TI application at that time. *See IPSecure, Inc. v. Carrales*, No. 04-16-00005-CV, 2016 WL 3342108, at *2 (Tex. App.—San Antonio June 15, 2016, no pet.) (mem. op.) (explaining that "purpose of a motion to dissolve a temporary injunction is not to give an unsuccessful party an opportunity to relitigate the propriety of the original injunction order"). Androderm had moved to enforce the TI Order, and that motion was set for hearing with the motion to dissolve. And, even if Buchanan had offered evidence opposing the application, he still would have

22

been deprived of the opportunity to cross-examine Androderm's witness and present rebuttal evidence. *See Elliott v. Lewis*, 792 S.W.2d 853, 855 (Tex. App.—Dallas 1990, no writ) (holding that trial court abused its discretion "by refusing to allow complete cross-examination of the [plaintiff's] first and only witness and . . . by its refusal to allow [defendant] to present any evidence in her defense" before issuing temporary injunction).

We conclude that the issuance of the Amended TI Order against Buchanan violated Rule 681's notice requirements and his constitutional right to due process. *See* TEX. R. CIV. P. 681; *Highsmith*, 587 S.W.3d at 778; *Kramer Trading*, 740 S.W.2d at 524; *Oertel*, 429 S.W.2d at 623. We hold that the trial court abused its discretion in granting the temporary injunction against Buchanan.[7] *See State v. Cook United, Inc.*, 469 S.W.2d 709, 712 (Tex. 1971) (modifying temporary injunction by deleting parties not served with citation or notified of temporary injunction hearing); *PILF Invs., Inc. v. Arlitt*, 940 S.W.2d 255, 260 (Tex. App.—San Antonio 1997, no writ) (reversing portion of temporary injunction against four defendants not given notice of temporary-injunction hearing); *Kramer Trading*, 740 S.W.2d at 524 (holding trial court abused its discretion by issuing temporary injunction before

---

[7]     Androderm argues that the trial court did not abuse its discretion by issuing the Amended TI Order because a trial court is permitted to amend its orders to correct procedurally deficiencies. They point out that the Amended TI Order corrected procedural deficiencies. However, this argument fails to address Buchanan's argument that the lack of notice violated Rule 681 and his right to due process.

enjoined party presented its defense); *see also Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017) ("We review a trial court's order granting a temporary injunction for clear abuse of discretion.").

**Conclusion**

We dismiss the appeal from the oral denial of the motion to dissolve. *See Casillas*, 2020 WL 2026367, at \*5 (dismissing interlocutory appeal for lack of jurisdiction because trial court's ruling was oral and not in signed order) We also dismiss the appeal of the Amended TI Order in part as to the order's second and third injunctive provisions because those provisions have expired by their own terms, rendering the challenges to their validity moot. *See McGill*, 2025 WL 84144, at \*2 (dismissing appeal that became moot when temporary injunction expired). We reverse the portion of the first injunctive provision enjoining Buchanan because it was issued without notice to him and remand the matter for further proceedings. *See Great Lakes Eng'g,* 627 S.W.2d at 437 (reversing temporary injunction and remanding after holding temporary injunction's issuance violated Rule 681's notice requirements). And we dissolve the remaining portions of the Amended TI Order, including the first provision as to all parties except Buchanan. *See Tannos Dev. Group, LLC v. Galveston Cnty. Consol. Drainage Dist.*, No. 01-25-00020-CV, 2025 WL 1583583, at \*5 (Tex. App.—Houston [1st Dist.] June 5, 2025, no pet.) (mem.

op.) (dissolving temporary injunction after holding it failed to comply with Rule 683).

Clint Morgan
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.